25095. NATIONAL BISCUIT COMPANY v. MARTIN.

SUBMITTED MARCH 10, 1969—DECIDED MARCH 20, 1969.

*Woodruff, Savell, Lane & Williams, John M. Williams, Ronald L. Davis,* for appellant.

*Wall & Campbell, Alford Wall, William I. Aynes,* for appellee.

MOBLEY, Justice. This appeal is from an order of a Judge of the Superior Court of Fulton County permanently enjoining the employer in a workmen's compensation claim from taking a deposition pursuant to a notice served on the claimant. The order specifically stated that the court did not restrain the employer from taking a deposition of the person named in the notice, or any other person, for the purpose of discovery, after appropriate notice, and did not make any ruling with respect to what use might later be made of any deposition taken for the purpose of discovery.

Section 26 of the Civil Practice Act (Ga. L. 1966, pp. 609, 635; *Code Ann.* § 81A-126) provides that: "Any party may take the testimony of any person, including a party, by deposition upon oral examination or written interrogatories for the purpose of discovery or for use as evidence in the action or for both purposes." It is contended by the appellant that the word "action" includes a workmen's compensation claim, and that this section is sufficiently broad to authorize it to take depositions for use as evidence as provided by the Civil Practice Act.

Section 1 of the Civil Practice Act (Ga. L. 1966, pp. 609, 610; *Code Ann.* § 81A-101) states the scope of the Act as follows: "This Act governs the procedure in all courts of record of the State of Georgia in all suits of a civil nature whether cognizable as cases at law or in equity, with the exceptions stated in Section 81 [*Code Ann.* § 81A-181]." The State Board of Workmen's Compensation is not a court, but is an administrative body with only those powers and duties given it by statute. *Maryland Cas. Co. v. Stephens,* 76 Ga. App. 723 (4) (47 SE2d 108); *Baggett Transportation Co. v. Barnes,* 108 Ga. App. 68, 72 (132 SE2d 229); *Bishop v. Weems,* 118 Ga. App. 180 (2) (162 SE2d

879). Therefore, the provisions of the Civil Practice Act in regard to the taking of depositions are not applicable to workmen's compensation claims unless made so by statute pertaining specifically to workmen's compensation claims.

The instances when depositions may be taken in connection with workmen's compensation claims are described by Ga. L. 1945, pp. 462-464, as amended by Ga. L. 1956, pp. 725-727 (*Code Ann.* § 114-706). This section authorizes the taking of depositions in certain instances under the direction of the Board of Workmen's Compensation. The only authorization for the taking of depositions by the parties as a matter of right, without direction from the board, is contained in the last sentence of this section, as follows: "After notice of a hearing has been given by the Board, either party may take the testimony of any person, including a party, by deposition upon oral examination or written interrogatories *for the purpose of discovery,* under the same requirements now provided for the taking of depositions upon oral examinations or written interrogatories in civil cases in the superior court." (Emphasis supplied.)

The deposition which the appellant sought to take was not under the direction of the Board of Workmen's Compensation, and the trial judge therefore did not err in enjoining the notice to take deposition for the purpose of evidence.

*Judgment affirmed. All the Justices concur.*