73524. PIEDMONT AVIATION, INC. et al. v. WASHINGTON
et al.
(353 SE2d 847)

BIRDSONG, Chief Judge.

We granted this workers' compensation appeal to determine whether the ALJ erred in "disbelieving" the claimant's admissions in judicio. The claimant injured his back while lifting a tool at Lockheed Georgia Company on May 11, 1984. He did not report the injury, and the next day, May 12, he went to his second job with an unrelated employer (Piedmont Aviation, Inc.) where he allegedly pulled his back moving luggage. On May 15, the claimant returned to work at Lockheed and reported the May 11 injury incurred at Lockheed; he subsequently remained off work from Lockheed for 1-½ weeks and was treated by Lockheed's doctors. On May 14, he notified his Piedmont supervisor of the May 12 injury incurred at Piedmont. He then made this claim against both Piedmont and Lockheed.

During the proceedings, the claimant responded to Lockheed's request for admissions and made these denials: "(1) I admit that I was an employee of Piedmont Airlines on 5-12-84, but deny that I was injured on the job accident [sic] on that date. . . . (2) I admit that I was an employee of Piedmont Airlines on 5-12-84, but deny that I was able to perform my normal job duties at Piedmont Airlines upon reporting to work on 5-12-84. . . . (3) I deny that I injured my back while lifting at Piedmont Airlines on 5-12-84, but admit I was unable to perform my normal duties at Lockheed Georgia Company as of 5-23-84 because of job related injury at Lockheed Georgia Company on 5-11-84. . . . (4) I deny that I injuried [sic] my back at Piedmont Airlines on 5-12-84, but admit that I was unable to perform my normal job duties at Piedmont Airlines as of 5-23-84 because of back injury at Lockheed Georgia on 5-11-84. . . . (5) I deny that my job at Piedmont Airlines on 5-12-84 was substantially heavier work than my employment at Lockheed Georgia. . . . (6) I deny that all disability and medical expenses subsequent to 5-12-84 were caused by any accident at Piedmont Airlines. . . ."

At no time was a motion to withdraw or amend these responses ever made. At the hearing, under cross-examination by Piedmont's counsel, the claimant equivocated on or varied some of these admissions. The administrative law judge held the claimant's admissions "for the most part, must be disbelieved," found he suffered an aggravation of a preexisting condition on May 12 at Piedmont, and did not suffer a disabling injury at Lockheed on May 11, and held Piedmont

liable for all benefits. The Board of Workers' Compensation and the trial court affirmed. *Held*:

1. Claimant's admissions in judicio as to matters of fact against Lockheed's interests are not binding on the employer Lockheed, inasmuch as the interests of the claimant and Lockheed are not joint, but are adverse. OCGA § 24-3-31 (2); *Boswell v. Blackman*, 12 Ga. 591 (1); *Kirk v. Barnes*, 147 Ga. App. 423 (249 SE2d 140).

2. However, the claimant's admissions in judicio against his own interests as to both Lockheed and Piedmont, as the case may be, are binding upon the claimant.

The award in favor of the claimant cannot be sustained by "any evidence" which contradicts the claimant's solemn admissions in judicio. In *Albitus v. Farmers &c. Bank*, 159 Ga. App. 406, 407 (283 SE2d 632), we held that a matter admitted in response to requests for admission under OCGA § 9-11-36, "is conclusively established unless the court, *on motion*, permits withdrawal or amendment of the admission. . . . In form and substance an admission under [§ 9-11-36] is comparable to an admission in pleadings or stipulation of facts and as such is generally regarded as a judicial admission rather than an evidentiary admission. . . . [U]nless allowed to be withdrawn by the court, [it] is conclusive whereas an evidentiary admission is not conclusive but is always subject to be contradicted or explained. . . . [A]nswers to requests for admissions are not on the same footing in the eyes of the law [with other evidence]." Such admissions are binding, and "evidence is not admissible to controvert matters admitted in response to request for admission. *[A]ny evidence inconsistent with the binding effect of the admission could not be considered by the trial court. . . .*" Id., p. 407. Some difficulty may arise by the nomenclative designation of admissions as being either "evidentiary" and "judicial"; but an evidentiary admission is in fact merely "an item in the mass of evidence," while a judicial admission has been described as "a waiver relieving the opposing party from the need of any evidence." 4 Wigmore, Evid., § 1058 (3d ed. 1940). That is to say, a solemn admission in judicio is conclusive as a matter of law on the matter stated and cannot be contradicted by other evidence unless it is withdrawn or amended on formal motion. *Albitus*, supra; see generally, Green, Ga. Law of Evid., § 238 (2d ed. 1984).

In *Stone v. Lenox Enterprises*, 176 Ga. App. 696, 697 (337 SE2d 451), it was confusingly stated as a principle that because of plaintiff's failure to answer, the "requests for admissions propounded by the defendants are properly deemed conclusively admitted . . . as a matter of law *unless appellant's responses to the defendants' interrogatories compels [sic] a contrary result*," as if to imply that if his interrogatory answers contradicted them, they were not deemed conclusively admitted. (Emphasis supplied.) However, the case cited as authority

for this statement (*Albitus*, supra, p. 407) as did *Stone*, actually *queried whether* a denial in a complaint or responses to interrogatories could contradict what was admitted in judicio ("compels a contrary result") and then, determined that they *could not*.

The admissions of the claimant in this case were not mere opinions (see *American Cyanamid Co. v. Allrid*, 176 Ga. App. 831 (338 SE2d 14)) or conclusions of law he was not qualified to make. They *conclusively* established as fact binding on him that he suffered a job-related injury at Lockheed on May 11, 1984, that he was not injured at Piedmont on May 12, 1984; that he was (presumably because of his injury at Lockheed on May 11) not able to perform his normal job duties at Piedmont upon reporting to work on May 12; that he was not able to perform his normal duties at Lockheed on May 23 because of a job-related injury at Lockheed on May 11; that his work at Piedmont on May 12 was not substantially heavier work than his work at Lockheed; and moreover, he denied *as fact* that all disability and medical expenses he incurred after May 12 were caused by any accident at Piedmont. No motion was made to contradict or amend these admissions; therefore, the ALJ was not at liberty to disbelieve any of them based on other evidence. They are facts, residing now in the body of the court, and they cannot be contradicted, varied or amended except on *formal motion*. *Albitus*, supra; OCGA § 9-11-36. Hence, it follows that where they are properly introduced into evidence (*National Bank of Ga. v. Hill*, 148 Ga. App. 688 (252 SE2d 192)), it is to be presumed the party to whose benefit they redound relies upon them whatever else he may do; nor should he stand in fear of waiving them by any questioning or cross-examination made in the advocacy of his client's whole case or by inadvertent elicitation of contradictory evidence. See *Carr v. Nodvin*, 178 Ga. App. 228, 231 (2) (342 SE2d 698).

It follows that the ALJ erred in "disbelieving" the solemn admissions in judicio made by the claimant insofar as they constituted factual admissions against his own interest as to his claim against both Piedmont and Lockheed as employers, as the case may be. See *Food Giant v. Brown*, 174 Ga. App. 485 (330 SE2d 183).

The case is remanded for reconsideration by the finder of fact consistent with Divisions 1 and 2 of this opinion.

*Judgment reversed and case remanded. Banke, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 10, 1987.

George L. Pope, Jr., Lyman M. Delk, Jr., Cameron D. Simpson, for appellants.

*Melvin Robinson, Jr., Donald M. Shivers*, for appellees.