### 77351. WALDEN v. CUTLERY CORPORATION OF AMERICA et al.
#### (378 SE2d 697)

POPE, Judge.

Appellant Polly Anne Walden was awarded workers' compensation benefits for an injury she sustained on December 6, 1985, during the course of her employment at Cutlery Corporation of America. In September of 1987 the employee petitioned the State Board of Workers' Compensation for the appointment of a rehabilitation supplier and requested a particular supplier by name. By order dated October 7, 1987, the board awarded the employee's petition and, "pursuant to Code § 34-9-200.1 and Board Rule 200.1(c)," designated as principal rehabilitation supplier that rehabilitation specialist specifically requested by the employee. The employer objected to the award and appealed to the full board. The employer argued that pursuant to the above-noted statute and Board Rule, the employer is entitled to notice of a determination that rehabilitation is necessary and a period of fifteen days in which the employer may appoint a supplier, or controvert the determination of need, before a supplier may be appointed by the board. The full board affirmed the award and an appeal was filed with the superior court. The superior court reversed the decision of the board because it was "contrary to law." We granted the employee's application for discretionary review of the superior court's order.

The controversy in this case arises over conflicting interpretations of the requirements of OCGA § 34-9-200.1 (b) and Board Rule 200.1 (b) in effect at the time of the order (amended July 1, 1988). Said statute directs the board to make an assessment of the rehabilitation needs of the employee within forty-five days of notification of injury and directs the board to notify the parties if it determines that rehabilitation is necessary. In the event the board determines that rehabilitation is necessary, the employer is granted fifteen days either to controvert the determination of necessity or to appoint a rehabilitation supplier. Clearly, in the case of a determination of necessity on the board's own motion, it is the employer which is granted the right to "appoint" the supplier. The statute, and the version of Board Rule 200.1 (b) in effect at the time of the order, also provide that any party may petition the board for an "appointment" even where the board has not yet made a determination of necessity. Does this language mean that in the event of a petition for appointment it is the board, and not the employer, which may appoint a supplier? We think not.

The statute grants the employer the first right to appoint a rehabilitation supplier. Only if the employer abdicates this right is the board authorized to appoint the supplier. We find nothing in the statute or that version of Rule 200.1 in effect at the time of this order to indicate that the procedure for appointing a supplier, when made in response to a petition by one of the parties, should be any different than the procedure for appointing a supplier when made in the routine course of determination of necessity by the board.

We hold that where the board is petitioned for an appointment of a rehabilitation supplier, the board must make a determination of necessity and, if it is determined that rehabilitation is necessary, then the employer must be given notice and fifteen days in which "to appoint a rehabilitation supplier or give reason why rehabilitation is not necessary," as required by OCGA § 34-9-200.1 (b). The board "is an administrative body with only those powers and duties given it by statute." *National Biscuit Co. v. Martin*, 225 Ga. 198, 199 (167 SE2d 140) (1969). In this case the board exceeded its authority in appointing a specific rehabilitation supplier without first giving the employer notice and an opportunity to name the supplier. Thus, the order of the superior court reversing the board's order and remanding with the direction to follow the statute is affirmed.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED FEBRUARY 2, 1989 —
REHEARING DENIED FEBRUARY 20, 1989 .—

*Morse & Ontal, Jack O. Morse,* for appellant.

*Neely & Player, Andrew J. Hamilton, Joseph D. Perrotta,* for appellees.

*Janet E. Hill, Thomas F. Brown, Bonny B. Wilder,* amici curiae.