A89A1581. PAIDEIA SCHOOL et al. v. GEIGER.
(386 SE2d 381)

BANKE, Presiding Judge.

The appellee claimant sustained a traumatic head injury on October 11, 1985, while working for the appellant employer. The next day, he went to a hospital emergency room complaining of severe headaches; however, he returned to his normal work duties immediately after being examined and made no claim for workers' compensation benefits during the course of the following year. Although the claimant lost no time from work due to his head injury, he began to experience head pains, dizziness and blurred vision in October of 1986. On November 10, 1986, he sought medical treatment for these symptoms from a Dr. Rachelefsky, without consulting or notifying the appellant. On December 19, 1986, his employment was terminated for reasons wholly unconnected with his injury. On March 1, 1987, he suffered a mild stroke while doing repair work on his truck. Contending that the stroke had been precipitated by his prior on-the-job head injury, he brought the present claim for compensation.

The administrative law judge concluded, on the basis of conflicting medical evidence, that the stroke was causally related to the head injury and that it was accordingly compensable as a "superadded injury." In awarding compensation based on this theory, the administrative law judge emphasized that it was "not continued employment that caused the condition which gave rise to the stroke, but rather the head trauma that claimant experienced on October 11, 1985."

The administrative law judge's award was affirmed on appeal to the full board and to the superior court. However, the superior court appeared to reject the "superadded injury" theory, basing its decision instead on a determination that, because the claimant had received treatment for the symptoms of his head injury on November 10, 1986, and because OCGA § 34-9-82 (a) permits a claim to be filed " 'within one year after the date of the last remedial treatment furnished . . . ,' " the statute of limitation had not run on the original injury.

Significantly, in quoting this portion of OCGA § 34-9-82 (a) the court omitted the words, "by the employer," which immediately follow the word, "furnished." *Held*:

1. The one-year statute of limitation clearly had run on the original head injury. In the first place, it is apparent without dispute from the record that Dr. Rachelefsky was not listed on the panel of physicians posted by the appellant and that the appellee neither sought nor obtained authorization from the appellant prior to consulting him. Thus, the visit cannot be considered treatment "furnished by the employer" within the contemplation of OCGA § 34-9-82 (a). See generally *Holcombe v. Brown Transport*, 253 Ga. 719 (324 SE2d 446) (1985); *Scandrett v. Talmadge Farms*, 174 Ga. App. 547 (2) (330 SE2d 772) (1985). Moreover, it has been held that even if no panel of physicians is posted by the employer as required by OCGA § 34-9-201 (e), "medical treatment which is deemed for statute of limitation purposes, to be remedial treatment furnished by the employer must be commenced within the original period of limitation, i.e., within one year of the job-related injury or of previous employer-furnished treatment." *Poissonnier v. Better Business Bureau &c.*, 180 Ga. App. 588, 589 (349 SE2d 813) (1986). It is apparent without dispute that the visit to Dr. Rachelefsky did not occur within one year after the accident.

2. The stroke cannot be considered compensable as a "superadded injury" because it neither constituted a "change in condition" nor occurred on the job. "[A] claimant cannot have a change in condition under the provisions of [OCGA § 34-9-104] unless there has been a previous award or agreement approved by the board granting compensation." *Hartford Accident &c. Co. v. Mauldin*, 147 Ga. App. 230, 231 (248 SE2d 528) (1978). See also *Scandrett v. Talmadge Farms*, supra, 174 Ga. App. at 548. While a "new accident" may result either from a gradual worsening of a pre-existing injury due to aggravation by work duties or from the occurrence of a specific job-related incident, see *Central State Hosp. v. James*, 147 Ga. App. 308, 309 (1) (a & b) (248 SE2d 678) (1978), it is apparent without dispute that the claimant's stroke fit neither of these categories. Nor, quite obviously, did it result from an "occupational disease" within the contemplation of OCGA § 34-9-280 et seq. Accordingly, we can ascertain no basis for an award of compensation, and we are constrained to hold that the trial court erred in sustaining the decision of the board in this case.

*Judgment reversed. Sognier and Pope, JJ., concur.*

DECIDED SEPTEMBER 5, 1989.

*Savell & Williams, Lawson A. Cox II, Richard G. Farnsworth,*

*John M. Williams*, for appellants.
*Collins & Eddings, Michael R. Eddings*, for appellee.