A94A1278. WILLIAMS v. FOOD LION, INC.
(446 SE2d 221)

BIRDSONG, Presiding Judge.

Sam Wayne Williams appeals the order of the trial court granting summary judgment on all issues to appellee/defendant Food Lion, Inc. in this suit for false imprisonment, false arrest, and slander. Appellant's sole enumeration is that the trial court erred by granting appellee's motion for summary judgment on the issue of false imprisonment. *Held*:

1. On summary judgment, movant has the burden to show there is no genuine issue as to any material fact and that he is entitled to a judgment as a matter of law. "In ruling on a motion for summary judgment, the opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions arising therefrom most favorably toward the party opposing the motion." *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 595-596 (370 SE2d 843).

2. "The essential elements of the cause of action for false imprisonment are a detention of the person of another for any length of time, and the unlawfulness of that detention. OCGA § 51-7-20. A detention need not consist of physical restraint, but may arise out of words, acts, gestures, or the like, which induce a reasonable apprehension that force will be used if plaintiff does not submit; and it is sufficient if they operate upon the will of the person threatened, and result in a reasonable fear of personal difficulty or personal injuries. It is essential, however, that the restraint be against the plaintiff's will; and if he agrees of his own free choice to surrender his freedom of motion, as by remaining in a room or accompanying the defendant voluntarily, to clear himself of suspicion or to accommodate the desires of another, rather than yielding to the constraint of a threat, then there is no imprisonment." (Citations and punctuation omitted.) *Kemp v. Rouse-Atlanta, Inc.*, 207 Ga. App. 876, 879 (2) (429 SE2d 264). A person need not make an effort to escape or to resist until an application of open force results, thereby risking possible physical injury, before he can recover; however, an actual detention must have occurred whether caused by force or fear. See *Abner v. W. T. Grant*

*Co.*, 110 Ga. App. 592, 595 (2) (139 SE2d 408). Additionally, OCGA § 51-7-60 precludes a recovery for false imprisonment when it is shown that the owner or operator of a store reasonably believed the person detained was engaged in shoplifting. OCGA § 51-7-60 implicitly recognizes the right of a shop owner to protect himself from shoplifting by reasonably detaining a customer who has acted in a suspicious manner. Where a detention occurs, its reasonableness is a jury question; however, a jury issue does not exist unless there has been a detention. *Kemp,* supra.

3. The trial court in granting summary judgment expressly applied the principle of de minimis non curat lex, and concluded that "the momentary pause in the progress of [appellant] through the check out line is entirely too inconsequential to be called a detention or an imprisonment." The trial court erred in this holding as OCGA § 51-7-20 provides: "False imprisonment is the unlawful detention of the person of another, *for any length of time,* whereby such person is deprived of his personal liberty." (Emphasis supplied.) *Taylor v. Super Discount Market*, 212 Ga. App. 155 (441 SE2d 433), a case involving the suspected passing of counterfeit money and the issue of lawfulness of detention is distinguishable from this case and is not controlling. Likewise factually distinguishable are the cases cited by both appellant and appellee. Nevertheless, a grant of summary judgment must be affirmed if it is right for any reason. *Malaga Mgmt. Co. v. John Deere Co.*, 208 Ga. App. 764, 767 (5) (431 SE2d 746). We must now decide whether summary judgment can be upheld on any other basis. *Precise v. City of Rossville*, 261 Ga. 210, 211 (3) (403 SE2d 47). In this case, there exists two independent bases for affirming summary judgment in behalf of appellee/defendant:

(a) While conflicts exist between appellant's testimony and that of the employee of appellee, there also exist unexplained contradictions within appellant's own deposition testimony and between his deposition testimony and his affidavit. For example, appellant testified by way of deposition as follows: "I took the coat off myself, but I didn't have much choice in the matter. I wasn't leaving otherwise. I was there. I couldn't get out behind me. They weren't letting me out that way. *And I thought this was the way to resolve it.*" (Emphasis supplied.) Further, in his affidavit appellant stated: "After the search of my coat . . . the Food Lion employees were not satisfied and continued to block my exit and detain me. The Food Lion employees wanted to search my pants and *in an attempt to convince them of my innocence* and end the threats against me, I took everything out of my pants pockets and lifted up my shirt . . . *so that the employees could see that there was nothing there and they had accused the wrong person of shoplifting.*" (Emphasis supplied.) Appellant's evidence is contradictory and no reasonable explanation has been offered

therefor. Appellant's testimony to the effect that he remained in the line and took off his coat himself to resolve the controversy by establishing his innocence, and that he thereafter continued to attempt to establish his innocence by further lifting his shirt and exposing his skin, directly contradicts any claim that he remained at the scene either due to physical detention (blocking of the aisle) or due to threats by Food Lion employees (giving rise to reasonable apprehension of force). Accordingly, as to any conflicting evidence offered by appellant and for which no reasonable explanation has been tendered of record, the rule of *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680) applies. Application of the *Prophecy* rule results, inter alia, in a determination that appellant submitted to a search and remained to lift his shirt and expose his skin for the purpose of clearing himself of suspicion. As a matter of law, there was no imprisonment, when appellant by his own free choice surrendered his freedom of motion by remaining in the checking aisle to clear himself of suspicion. See *Kemp*, supra at 879.

(b) Additionally, only a partial transcript of appellant's deposition testimony was forwarded to this court for appellate review. Examination of this testimony may have found additional unexplained conflicting testimony, or testimony which otherwise supported the grant of summary judgment to appellee. "Access to the trial transcript would be necessary to determine whether the [grant of summary judgment on behalf of appellee] was right for any reason, and in the absence of the required transcript . . . the judgment . . . of the trial court must be affirmed." *Malin Trucking v. Progressive Cas. Ins. Co.*, 212 Ga. App. 273 (1) (441 SE2d 684); see *Atlanta Cas. Ins. Co. v. Crews*, 197 Ga. App. 48, 51 (3) (397 SE2d 466).

*Judgment affirmed. Blackburn, J., and Senior Appellate Judge Harold R. Banke concur.*

## On Motion for Reconsideration.

Appellant has filed a motion for reconsideration. In support of that motion, appellant asserts, inter alia, the following: "[This] court stated that only a partial transcript of appellant's deposition testimony was forwarded to the court for [appellate] review. The complete original transcript of appellant's deposition testimony was given by the court reporter to appellee Food Lion's counsel but was not filed for record with the clerk of the superior court . . . and included in the record of appeal sent to the Court of Appeals. The complete original transcript has now been filed with the clerk of the superior court . . . and forwarded to the Clerk of the Court of Appeals for inclusion in the [appellate] record for reconsideration by this court."

Appellant concedes that the complete transcript at issue was not

included in the record of appeal originally sent to this court. It is the primary responsibility of the appropriate parties and not this court to ensure that all documents relevant to the disposition of an appeal be duly filed with the clerk of this court prior to the issuance of our appellate decision. This appellant did not do. Appellant cannot now perfect a deficiency in his appeal by the belated filing of records, which were missing through no fault of this court at the time of our appellate disposition of this case. As a general appellate rule adopted as necessary to protect or effectuate our appellate judgments (Art. VI, Sec. I, Par. IV, Ga. Const. of 1983), we hold that it is the state of an appellate record and transcript duly before us at the time of our original disposition of the appeal, and not the state of the record as amended in an attempt to support an appellate position argued on motion for reconsideration, that is controlling as to the adequacy of the record for purposes of appellate review. Additionally, prior to our disposition of this case, appellant made no express written request to this court to delay or withdraw this appeal so that the entire transcript of deposition testimony could be filed to facilitate the perfection of the appellate record. It is well settled that one cannot complain of a verdict, judgment, ruling, or order that his own legal strategy, trial procedure or conduct aided in causing. *Perryman v. Rosenbaum*, 205 Ga. App. 784, 790 (423 SE2d 673). Likewise, one cannot complain of an appellate ruling, order, or judgment that his own legal strategy, appellate procedure or conduct aided in causing. Ga. Const. of 1983, supra.

*Motion for reconsideration denied.*

DECIDED JUNE 16, 1994 —
RECONSIDERATION DENIED JULY 13, 1994.

*Donaldson, Herndon, Bell & Metts, William G. Bell III*, for appellant.

*Painter, Ratterree & Bart, R. Clay Ratterree, Sarah B. Akins*, for appellee.