A96A0746. QUEEN CARPET, INC. v. MOYNIHAN.
(472 SE2d 489)

BEASLEY, Chief Judge.

On November 9, 1993, Moynihan filed a claim for workers' compensation disability benefits as a result of an accident alleged to have occurred on March 29, 1991.

The employer/self-insurer, Queen Carpet, Inc., asserted as one of its grounds of defense that Moynihan's claim is barred by the statute

of limitation in OCGA § 34-9-82 (a). It provides: "[t]he right to compensation shall be barred unless a claim therefor is filed within one year after injury, except that if . . . remedial treatment has been furnished by the employer on account of the injury, the claim may be filed within one year after the date of the last remedial treatment furnished by the employer. . . ."

The ALJ concluded that the time had run before the claim was filed because, although medical treatment was furnished to Moynihan, it was furnished through a self-insured group hospitalization policy rather than in the context of the Workers' Compensation Act. "[P]ayments made under the employer's group medical insurance coverage [are] not workers' compensation payments which [toll] the statute of limitation. [Cit.]" *American Intl. Adjusting Co. v. Davis*, 202 Ga. App. 276, 278-279 (1) (b) (414 SE2d 292) (1991). See also *Leavell v. Life Ins. Co. of Ga.*, 165 Ga. App. 770, 773 (302 SE2d 623) (1983).

The Appellate Division of the State Board found that Queen Carpet had made payments for Moynihan's medical treatment through its workers' compensation department through November 30, 1992, constituting remedial treatment from which the one-year limitation period ran. Accordingly, the Appellate Division concluded that the claim was not barred by the statute of limitation. Following affirmance by the superior court, we granted Queen Carpet's application for discretionary appeal.

1. Although the evidence of record supports the Appellate Division's finding that Queen Carpet made payments for Moynihan's medical treatment through its workers' compensation department, it does not follow that the treatment thus paid for was furnished within the one-year limitation period.

At the hearing before the ALJ, Moynihan testified on direct examination that until December 1992 he had been treated by a physician to whom he had been referred by Queen Carpet's workers' compensation department. On cross-examination, he acknowledged that medical benefits to which he had referred had been paid through Queen Carpet's self-insured hospitalization policy and his personal insurance.

His medical billing record indicates that on cross-examination Moynihan was referring to the payment of medical treatment beginning in December 1992. The billing record shows that insurance payments for Moynihan's medical treatment were made by Queen Carpet through November 30, 1992, but that subsequent payments were made through two other forms of insurance. The billing record also shows that the November 30 payment was for treatment rendered on September 2 and October 14.

The unambiguous words of the statute control. OCGA § 1-3-1 (b).

The date of the last remedial treatment is the point from which the timeliness of a claim is measured. Since Moynihan did not file this claim until November 9, 1993, the claim was not filed within one year of the last remedial treatment furnished by the employer. Cf. *Paideia School v. Geiger*, 192 Ga. App. 723, 724 (1) (386 SE2d 381) (1989) (for statute of limitation purposes, medical treatment is furnished by the employer when the visit to the doctor's office occurs and must be commenced within the one-year period of limitation). Consequently, the claim is barred as the ALJ concluded.

2. We do not reach Moynihan's argument that the date of his accident was subsequent to March 29, 1991. The ALJ found that that date was the date of Moynihan's accident. The Appellate Division accepted this finding. Moynihan has not challenged it by cross-appeal. Compare *Buschel v. Kysor/Warren*, 213 Ga. App. 91 (444 SE2d 105) (1994); *Sewell v. Bill Johnson Motors*, 213 Ga. App. 853 (446 SE2d 239) (1994).

*Judgment reversed. Birdsong, P. J., concurs. Blackburn, J., concurs specially.*

BLACKBURN, Judge, concurring specially.

I concur only in the judgment reached by the majority in Division 1, and I concur fully in Division 2.

This case involves the statutory construction of OCGA § 34-9-82 (a).[1] Specifically, whether the language of the statute bars recovery when a claim is filed within one year of the employer's *payment* for remedial treatment, but the *last* such *treatment* took place more than a year prior to the filing of the claim.

The case cited by the majority, see *Paideia School v. Geiger*, 192 Ga. App. 723 (386 SE2d 381) (1989) is inapposite. In *Paideia*, the claimant did not seek initial treatment until a year had lapsed from the date of the accident. Id. at 724. Such is not the situation in the present case wherein the date of injury was March 29, 1991, for which remedial treatment began immediately.

OCGA § 1-3-1 (b) provides that "the ordinary signification shall be applied to all words" in statutory interpretation. Applying this principle of statutory construction compels us to look no further than the unambiguous language of the statute which provides that the date of the last remedial treatment be the point from which the timeliness of a claim is measured. In the present case, Moynihan's claim

---

[1] OCGA § 34-9-82 (a) provides that "[t]he right to compensation shall be barred unless a claim therefor is filed within one year after injury, except that if payment of weekly benefits has been made or remedial treatment has been furnished by the employer on account of the injury the claim may be filed within one year after the date of the last remedial treatment furnished by the employer or within two years after the date of the last payment of weekly benefits."

was filed more than a year after the date of the last remedial treatment furnished by the employer and, therefore, his claim is barred. We are without authority to hold otherwise. See OCGA § 34-9-82 (a).

DECIDED JUNE 5, 1996 —
RECONSIDERATION DENIED JUNE 21, 1996 —

*Clyatt, Clyatt, Wallace & DeVaughn, Robert M. Clyatt, Claudia E. DeVaughn,* for appellant.

*Walters, Davis, Smith, Meeks & Pittman, W. Edward Meeks, Jr.,* for appellee.