A97A2233. ROCOR INTERNATIONAL et al. v. GUYTON.

(494 SE2d 571)

MCMURRAY, Presiding Judge.

In this workers' compensation case, permission was granted for appellant Rocor International ("Rocor"), the alleged employer of claimant James Guyton, to pursue a discretionary appeal under the following circumstances:

On August 22, 1995, James Guyton filed a notice of claim for a work-related injury, alleging that he became disabled on May 7, 1995, from a "heart attack after driving [a] truck for 19 days." Rocor International, Inc., was named as the ostensible employer and self-

insurer. The notice of claim, along with requests for admission, were sent to Rocor, in care of Gary Jira as Servicing Agent, 3901 Jonesboro Road in Forest Park, Georgia. An "all issues" hearing was held in October 1995, but "[t]he listed employer, Rocor . . . was not present nor represented by counsel."

Subsequently, defense counsel made an entry of appearance on behalf of DonCo Carriers, Inc. ("DonCo") of Oklahoma City, Oklahoma, indicating that DonCo was claimant's actual employer. "Rocor International, by way of explanation, . . . is the parent company, and DonCo Carriers [is one of] several . . . trucking companies [that] were subsidiaries of Rocor." These were "two separate corporations . . . at that time. . . . As of January 1st of [1996], Rocor is now the name of all of the subsidiaries. . . . So the actual Employer today is correctly named as Rocor International . . . [but] at the time of the employment, [claimant James Guyton] was an employee of DonCo Carriers."

In an interlocutory order, the administrative law judge ("ALJ") determined that "claimant's proper employer was DonCo Carriers, Inc." Concluding that DonCo had not received notice of the "all issues" hearing, the ALJ granted DonCo's motion to reopen the case. After an evidentiary hearing on April 5, 1996, the ALJ denied benefits, concluding that claimant James Guyton had failed to prove he "sustained a compensable injury arising out of and in the course of his employment."

In so deciding, the ALJ gave no weight to claimant's Exhibit 3, which is unanswered requests for admissions propounded to "the wrong party, Rocor, since the employer at the date of the injury was found to have been DonCo." Claimant's Exhibit 3 was held "not served, nor admitted." This was so even though DonCo was subsequently merged into Rocor. The ALJ deemed the "Request for Admission [a]s a nullity. Such were and are withdrawn from any consideration." The ALJ expressly held that "any request to withdraw such admissions if necessary was granted since such request related to Rocor as the employer of [claimant] Guyton which has been found to be incorrect. . . ."

The award of the ALJ, including all findings of fact and conclusions of law, was made the award of the Appellate Division. Claimant then appealed to the superior court, which remanded the case to the Appellate Division with direction to "consider the Admissions, labeled Exhibit 3 . . . as conclusively admitted, unless the same are withdrawn after proper motion and consideration [of the proper test]." The superior court reasoned that Rocor was still a party to this workers' compensation claim, that Rocor as a party had no right to ignore the obligation to respond or object within the time allowed, that no motion to withdraw the admissions had been made and that,

even if such a motion was implicitly made, the ALJ never gave claimant James Guyton "the opportunity to . . . show [he] would be prejudiced by the withdrawal of the admissions."

Permission was granted by this Court to pursue a discretionary appeal from the judgment of the superior court, and a timely notice of appeal was filed. *Held*:

In its sole enumeration of error, Rocor International, formerly known as DonCo, contends the superior court exceeded its authority under OCGA § 34-9-105 (c), in remanding this workers' compensation case for additional consideration of the evidence with direction that the requests for admission originally propounded to Rocor be deemed conclusively admitted. We agree and reverse.

1. A workers' compensation hearing before an administrative law judge shall be conducted "in an informal manner consistent with the requirements of due process of law." OCGA § 34-9-102 (e) (1). "Discovery procedures shall be governed and controlled by Chapter 11 of Title 9, the 'Georgia Civil Practice Act.'" OCGA § 34-9-102 (d) (1). Generally, with requests for admission, "[t]he matter is admitted unless . . . the party to whom the request is directed serves . . . a written answer or objection addressed to the matter. . . ." OCGA § 9-11-36 (a) (2). Any matter admitted under OCGA § 9-11-36 "is conclusively established unless the court, on motion, permits withdrawal or amendment of the admission. Subject to [OCGA §] 9-11-16 . . . , the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits." OCGA § 9-11-36 (b).

Thus, in *Piedmont Aviation v. Washington*, 181 Ga. App. 730 (353 SE2d 847), a workers' compensation claimant responded to requests for admissions by denying he was injured in a work-related accident at Piedmont Airlines but admitting he was injured at Lockheed Georgia Company. In so doing, that claimant "conclusively established as fact binding on him that he suffered a job-related injury at Lockheed. . . ." (Emphasis omitted.) Id. at 732 (2). This Court held that, in the absence of a motion "to contradict or amend these admissions[,] the ALJ was not at liberty to disbelieve any of them based on other evidence. They [were] facts, residing . . . in the body of the court, and they cannot be contradicted, varied, or amended except on formal motion. [Cits.]" (Emphasis omitted.) Id.

We do not question the ruling of *Piedmont Aviation*, supra, that, even in an informal administrative setting, once a *party* has responded to requests for admission (by making admissions against interest), the ALJ has no authority to disregard the binding nature of matters admitted in that response, in the absence of a formal request

to amend or withdraw. But we do not find that authority controlling in the case sub judice.

" 'The design of the [workers'] compensation act is to furnish a speedy, inexpensive, and final settlement of the claim of injured employees. The act abhors and shuns protracted and complicated litigation over the facts of any case. . . . For this reason the act makes the finding of the [ALJ as adopted by the Appellate Division] upon the facts final and conclusive. The finding of that body upon the facts can not be reviewed in the superior court, if there is evidence to support its finding. Such finding can not be reviewed in the appellate court. The finality of a finding of the [ALJ adopted by the Appellate Division] is [in the absence of fraud] conclusive and binding upon all courts. The purpose of the act in making such finding conclusive was to avoid the law's delay, which is often the subject of complaint.' *Maryland Casualty Co. v. England,* 160 Ga. 810, 812 (129 SE 75)." *Continental Cas. Co. v. Caldwell,* 55 Ga. App. 17, 18 (189 SE2d 408).

At the April 5, 1996 evidentiary hearing, the true employer, DonCo, objected to Claimant's Exhibit 3, the requests for admission "[w]hich were not answered and were directed to the wrong party at that time. And [the employer] request[ed] that the Court withdraw that exhibit." Consequently, although there is in the case sub judice no formal *written* motion to withdraw the admissions, there is an *express oral* motion to withdraw the admissions made by Rocor's failure to respond or object. That is, in our view, sufficient formality in an informal administrative setting for workers' compensation benefits to authorize the ALJ's withdrawal of any matters deemed admitted by Rocor's failure to respond to requests for admission. Claimant Guyton took the opportunity to show prejudice and how the merits of the case would be subserved by not allowing the withdrawal before the Appellate Division and argued those points in his brief. In our view, the superior court exceeded its authority under OCGA § 34-9-105 (c) in remanding the case sub judice for consideration of the withdrawn admissions.

2. The superior court's remand is erroneous for the additional reason that Rocor was not claimant Guyton's immediate employer, and so Rocor was not a proper party to which requests for admission could be propounded.

In a proceeding for workers' compensation benefits, neither the ALJ nor the Appellate Division acts as "a court of general jurisdiction, nor even of limited common-law jurisdiction, but [each] is an industrial commission made so by express terms of the act of the legislature to administer [the] provisions [of the Georgia Workers' Compensation Act, OCGA § 34-9-1 et seq.]." *Gravitt v. Ga. Cas. Co.,* 158 Ga. 613, 615 (1), 618 (123 SE 897). "Every claim for compensation under [OCGA § 34-9-8] shall be in the first instance presented to and

instituted against the immediate employer. . . ." OCGA § 34-9-8 (c). Thus, in order to be binding due to a failure to respond or object, requests for admission and other discovery must be properly served on a *proper party*. OCGA § 9-11-36 (a). Generally, the proper party-respondents in a workers' compensation proceeding are the immediate employer and the employer's insurer, if any. OCGA § 34-9-1 (3).

It is undisputed that, at the time of this incident, James Guyton's actual immediate employer was DonCo, and not Rocor as alleged in the notice of claim. In our view, the appearance of DonCo and the reopening of the evidence effectuated a *substitution* of DonCo as the true immediate employer for Rocor, and not merely the addition of DonCo as a proper party coupled with the retention of Rocor as an improper party. As the *successor* to DonCo, Rocor would be responsible to the extent that DonCo would have been, and so *subsequently* became a proper party. But since the requests for admission as originally propounded to Rocor were not served on a proper party, the ALJ correctly concluded those requests were a nullity in this informal administrative proceeding. In our view of the case sub judice, the superior court exceeded its appellate authority under OCGA § 34-9-105 (c) in ordering a remand to consider as conclusive evidence the unanswered requests for admission served on an improper party to a claim for workers' compensation.

*Judgment reversed. Beasley, J., concurs specially. Smith, J., concurs in the judgment only.*

BEASLEY, Judge, concurring specially.

I concur in the judgment for the reason that when the ALJ substituted DonCo for Rocor in the interlocutory order on DonCo's[1] motion to reopen the OCGA § 34-9-102 hearing, upon finding that the claimant's employer at the time of the heart attack was DonCo, the unanswered admissions became moot. The admission that Rocor was the employer had no legal effect because Rocor was no longer a party. No withdrawal pursuant to OCGA § 9-11-36 (b) was necessary.

Although the request had been served on Rocor and had not been answered or objected to within 30 days as required by OCGA § 9-11-36 (a) (2), the representations of DonCo's counsel and the affidavits attached to the motion to reopen convinced the court that there was good reason for the unanswered admission not to govern the case. The reason was that the request had been served on a company which did not employ claimant. That company was in effect deleted from the proceedings before the ALJ made an award based on the initial hearing at which no employer was present. The ALJ has author-

---

[1] The motion was actually by DonCo and its servicing agent, Alexsis Risk Management, but since their interests coincide, references to DonCo include both.

ity "to add or delete parties with or without motion." OCGA § 34-9-102 (c). Had Rocor been retained as the employer, there would be no reason to consider DonCo's motion to reopen and certainly no reason to grant a new hearing.

In opposition to DonCo's motion, claimant had argued only against the reopening of the hearing on compensability, in order to keep the admissions and resulting proven compensability and damages of the original hearing. He did not challenge the representation that DonCo and not Rocor was his employer, although he styled his pleading with Rocor as the "Employer." He did not object to DonCo's entering the case even though there was no motion for substitution under OCGA § 9-11-25 or motion of misjoinder under OCGA § 9-11-21. Although OCGA § 34-9-102 expressly requires only that the discovery procedures of the Civil Practice Act (CPA) govern and control the workers' compensation administrative hearings, DonCo's taking such steps would have made the path more clearly marked. See *Chem Lawn Svcs. v. Stephens*, 220 Ga. App. 239, 244 (469 SE2d 375) (1996) ("technical niceties" not strictly followed); *Continental Baking Co. v. Brock*, 198 Ga. App. 578, 579 (402 SE2d 331) (1991) ("The legislature intended that processes and procedures under the Workers' Compensation Act be as summary and simple as reasonably possible.").

After the ALJ on his own initiative implicitly substituted DonCo, as can be done pursuant to OCGA § 9-11-21 even had the CPA applied, and granted the motion of DonCo as employer to reopen the hearing, a new hearing on compensability was set and held several months later. Notice was sent to the claimant and to the actual employer DonCo but not to the originally named company, because it was not a party. Predictably, it was not present nor officially represented.

Claimant did not object to proceeding at the hearing in accordance with the rulings of the interlocutory order, which included the finding that DonCo was the employer. He has not sought an appeal from the rulings in the interlocutory order or from the superior court's ruling on that order.

Then, when at the reopened hearing counsel for DonCo explained the relationship between the two companies, claimant did not object to proceeding against DonCo as his employer although he wished to have Rocor in the case. The court allowed it, even though it had been found that Rocor was not the employer at the time of the injury. Because, as of an intervening date, Rocor had assumed DonCo's liabilities as its successor. According to the final award, Rocor was not added back to the case as a successor party, see OCGA § 34-9-102 (c), but doing so would not have benefited claimant at all because the ALJ awarded no compensation. Nor was it a party at the

appellate decision stage. Claimant gratuitously named Rocor as the employer/self-insurer and sole appellee in his notice of appeal to the superior court. DonCo's successor, Rocor, in its new capacity, filed briefs in the name of Rocor "f/k/a DonCo." The ALJ's subsequent award was that "the claim of James Guyton, Employee, against the Employer/Self-Insurer for workers' compensation benefits is hereby denied."

There is no need to consider the law construing and applying OCGA § 9-11-36 (b) with respect to withdrawal of undenied admissions. DonCo certainly did not have to move to withdraw them, as the request was not directed to it and it had never been served with claimant's request for admissions. Rocor had been ruled not the proper party as employer, in the interlocutory order, so it had no further obligation with respect to the request and the admissions were of no legal consequence to it.

The fuzziness of the actions taken by the parties and by the ALJ has made the unraveling of the proceedings, to assure the procedural law was followed insofar as the enumerated error is concerned, very difficult. Even though OCGA § 34-9-102 (c) and (e) give the ALJ broad authority to conduct the hearings in an informal manner, attention to the CPA as a guide should be given at the administrative level in these workers' compensation cases, so that it is clear what procedural steps have been taken and what rulings have been made. See OCGA § 9-11-81. Correct due process procedure must be followed even were it not explicitly mandated by OCGA § 34-9-102 (e) (1). Motions and rulings should be based on identified procedural authority.

Employee Guyton filed his workers' compensation claim against an entity that was not his employer. His actual employer voluntarily entered the case with the permission of the ALJ, and Guyton never contested the fact that this was his employer. He, by counsel, participated in the new hearing on compensability held for the benefit of the actual employer. Having lost on the merits, employee Guyton seeks an award of benefits from an entity which he does not dispute was not his employer at the time of his injury. His basis is a legally created fact which he does not deny is untrue and which became inconsequential when the non-employer was deleted as the employer party. The superior court erred in remanding the case to the workers' compensation board for a hearing on whether the admissions should be allowed withdrawn in accordance with the governance of OCGA § 9-11-36 (b).

DECIDED DECEMBER 5, 1997 — 

*Savell & Williams, Jennifer H. Chapin*, for appellants.
*Smith, Wallis & Scott, Christopher B. Scott*, for appellee.