A08A0768. McLENDON v. ADVERTISING THAT WORKS et al.
(665 SE2d 370)

MIKELL, Judge.

Following a hearing, an administrative law judge (the "ALJ") dismissed David W. McLendon's workers' compensation claims against his employer, Advertising That Works ("ATW"), and his employer's insurer, St. Paul Travelers Insurance Company. McLendon appealed the ALJ's decision to the Appellate Division of the State Board of Workers' Compensation (the "Board"). Upon review, the Board found no error and adopted the ALJ's award. McLendon appealed the Board's decision to the superior court, which affirmed. Following our grant of his application for discretionary appeal, McLendon appeals the superior court's order affirming the decision of the Board. For the reasons that follow, we affirm.

> In the absence of legal error, the factual findings of the [Board] must be affirmed by the superior court and by the Court of Appeals when supported by any evidence in the administrative record. However, erroneous applications of law to undisputed facts, as well as decisions based on

---

[3] Compare *Peek v. State*, 259 Ga. App. 13 (576 SE2d 31) (2002).

erroneous theories of law, are subject to the de novo standard of review.[1]

The record shows that on March 14, 2005, McLendon filed his first claim against ATW on a Board-approved claim form known as a "WC-14." McLendon listed the accident date as July 16, 2004. McLendon filed another WC-14 with the Board on July 12, 2005, which purported to provide an "Amended 1st Date/Accident" of June 8, 2004. The language used to describe the part of body injured and the accident are the same in both the March 14, 2005, and the July 12, 2005 filings. McLendon also filed WC-14 forms with the Board referencing a workplace injury occurring on January 14, 2004, as well as forms listing "legal disability" dates of October 1, 2004, and October 8, 2004.

According to the ALJ's order, McLendon's counsel confirmed on the record during the "all issues" hearing that McLendon's claims associated with the January 2004, July 2004, and October 2004 injury dates were dismissed with prejudice. ATW then moved to dismiss McLendon's remaining claim, which was based on the June 8, 2004 injury date, on the grounds that the claim was barred by the one-year statute of limitations. In opposing ATW's motion to dismiss, McLendon argued that the WC-14 filed on July 12, 2005, acted as an amendment to the March 14, 2005 filing and so related back to the date of the original filing. The ALJ disagreed, finding that "the purported amendment is in fact a new and separate claim or cause of action." The ALJ concluded that since McLendon's claim arising out of the June 8, 2004 accident was not asserted until July 12, 2005, that the claim was barred by the statute of limitations.

1. As applicable here, "[t]he right to [workers'] compensation shall be barred unless a claim therefor is filed within one year after injury."[2] McLendon contends that he suffered his original injury on or about June 8, 2004, as a result of carrying vinyl rolls in the workplace. According to McLendon, he could not remember the exact date of his accident when he hired his counsel, so the WC-14 filed on March 14, 2005, listed an accident date of July 16, 2004. He contends that in light of medical records showing that June 8, 2004, was the

---

[1] (Citations and footnotes omitted.) *Tube v. Hurston*, 261 Ga. App. 525 (583 SE2d 198) (2003).

[2] OCGA § 34-9-82 (a). See generally *Paideia School v. Geiger*, 192 Ga. App. 723, 724 (1) (386 SE2d 381) (1989) (where medical treatment not furnished by employer, one year statute of limitation ran on initial injury); *Slattery Assoc. v. Hufstetler*, 161 Ga. App. 389, 391 (288 SE2d 654) (1982) ("[t]o be compensable, an 'accident' claim must be filed within one year of the original job-related incident of which the employer was timely notified and requires a causal connection between the conditions under which the work was required to be performed and the injury which forms the basis for the claim") (citations omitted).

more likely date of the accident, he filed the July 12, 2005 claim to correctly reflect the date of the accident.

Relying on OCGA § 9-11-15 (c),[3] McLendon argues that because the claims asserted in the March 14, 2005, and July 12, 2005 filings arose out of the same conduct, transaction, or occurrence that the July 12, 2005 filing should relate back to the date of the initial filing.[4] He also points out that "[i]n the administration of the workmen's compensation act, technical nicety of pleading and procedure is not required,"[5] intimating that his initial mistake as to the date of injury should not be fatal for purposes of determining whether the statute of limitations barred the claim.[6] Pretermitting whether these arguments might otherwise have merit, McLendon does not show by the record that his claims arose out of a single occurrence or that he had simply been mistaken as to the date of injury. In support of his arguments, McLendon refers this court to, among other things, medical records and the transcript of the hearing before the ALJ that were apparently attached as exhibits to his application for discretionary appeal. However, these documents are not part of the appellate record. "It is the primary responsibility of the appropriate parties and not this court to ensure that all documents relevant to the disposition of an appeal be duly filed with the clerk of this court prior to the issuance of our appellate decision."[7]

Furthermore, the record before us contains two attorney fee contracts signed by McLendon and dated March 8, 2005, one showing that he was injured on July 16, 2004, and October 1, 2004, and another showing he was injured on January 14, 2004, June 8, 2004, and October 8, 2004. In the claim filed on March 14, 2005, McLendon asserted that his July 16, 2004 injury entitled him to temporary total disability benefits and permanent partial disability benefits, but he claimed only permanent partial disability benefits as

---

[3] "Whenever the claim or defense asserted in the amended pleading arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." OCGA § 9-11-15 (c).

[4] McLendon does not contend that any statute or Board rule or regulation in effect at the time recognized a procedure for the amendment of claims.

[5] (Citation omitted.) *Southern Cotton Oil Co. v. McLain*, 49 Ga. App. 177, 183 (174 SE 726) (1934).

[6] "The right of a claimant to compensation is not necessarily barred because he cannot definitely fix the date of the accident resulting in his disability, either because he cannot remember the precise time when the accident occurred or because the accident was of such nature that there is difficulty in ascertaining with complete accuracy when it happened." (Citation omitted.) *Skinner Poultry Co. v. Mapp*, 98 Ga. App. 772, 774 (106 SE2d 825) (1958). Rather, "[t]he essential element of proof as to the time when the accident happened is that it was within the statutory period prescribed by [OCGA § 34-9-82]." Id.

[7] *Williams v. Food Lion*, 213 Ga. App. 865, 868 (446 SE2d 221) (1994).

to the June 8, 2004 injury set forth in the July 12, 2005 filing. He also filed a claim in November 2005 alleging injury to his lower back on January 14, 2004, but also describing the injury in the same way as the other filings — "Claimant carrying 75 pound roll of vinyl up steps." Given that McLendon asserted he was injured on multiple dates, there is at least some evidence to support the ALJ's conclusion that McLendon first asserted a claim for the accident occurring on June 8, 2004, on July 12, 2005, which was outside the limitations period.[8] It follows that the superior court did not err in affirming the Board's award.

2. McLendon also argues that the ALJ erred in ruling that OCGA § 9-11-15 did not apply to the instant claim. However, because the Board is not a court, the provisions of the Civil Practice Act did not have mandatory application to this case except to the extent made so by statute pertaining specifically to workers' compensation claims.[9] McLendon does not show that OCGA § 9-11-15 (c) has been incorporated into the Workers' Compensation Act.[10] Furthermore, although the ALJ did not specifically find that OCGA § 9-11-15 (c) was controlling, the ALJ did consider whether, as McLendon had contended, his July 12, 2005 filing related back to the March 14, 2005 filing under the standard of OCGA § 9-11-15 (c), and concluded that it did not. As discussed in Division 1, supra, there was at least some evidence to support the ALJ's conclusion that the two filings did not arise out of the same conduct, transaction, or occurrence. McLendon shows no error.

3. We will not consider McLendon's other claims of error because they were not raised in the appeal to superior court.[11] In that appeal, McLendon enumerated as error that the Board's award was contrary to OCGA § 9-11-15 and unsupported by the members' findings, that the evidence was insufficient to warrant the award, and that the

---

[8] See, e.g., *Travelers Ins. Co. v. Hall*, 128 Ga. App. 71, 73 (1) (195 SE2d 679) (1973) ("[t]he claim here dated September 4, 1970, was not filed until September 5, 1970; therefore, more than a year had passed since the accident of September 3, 1969," and so employee failed to meet the jurisdictional requirement of filing his claim within one year after the accident).

[9] See OCGA § 9-11-1; *Nat. Biscuit Co. v. Martin*, 225 Ga. 198, 199 (167 SE2d 140) (1969) (Civil Practice Act provisions regarding taking of depositions not applicable to workers' compensation claims unless made so by statute).

[10] OCGA § 34-9-1 et seq.

[11] In addition to the claims considered in Divisions 1 and 2, supra, McLendon argues that the ALJ erred in (i) not postponing the hearing, sua sponte, after learning that multiple claims had been filed on his behalf; (ii) allowing an oral, as opposed to written, dismissal of his January, July, and October claims, and then recognizing the legitimacy of the dismissal; (iii) failing to recognize that the employer had neglected to raise the statute of limitations defense when the hearing date had been reset by an ALJ previously assigned to the claims; and (iv) erroneously referring to a WC-14 as having attempted to add an accident date rather than amend the accident date.

members of the Board improperly ignored their own precedent and the Civil Practice Act. In his brief in support of the appeal, McLendon then argued that "the sole issue before the Superior Court is whether the Georgia Civil Practice Act applies to the Georgia Workers' Compensation Act?" At the hearing before the superior court, McLendon's counsel reiterated that this was the only issue.[12] We will not consider whether the superior court erred in affirming the Board's award for reasons that were clearly never before that court.[13]

*Judgment affirmed. Adams, J., concurs. Smith, P. J., concurs specially.*

SMITH, Presiding Judge, concurring specially.

I concur fully in the majority opinion; I write separately only to support the majority's holding in Division 2 that provisions of the Civil Practice Act must be incorporated expressly into the workers' compensation code in order to have mandatory application.

OCGA § 34-9-102 (d) (1) provides specifically that the Civil Practice Act discovery provisions will be applied in workers' compensation cases. The venerable maxim "expressio unius est, exclusio alterius" therefore requires that other provisions of the Civil Practice Act apply only if expressly incorporated into the workers' compensation law. This is consistent with the view that the Board is not a "court" as such, and thus the Act does not necessarily apply. See *Rocor Intl. v. Guyton*, 229 Ga. App. 758, 761 (2) (494 SE2d 571) (1997), physical precedent only but quoting a Georgia Supreme Court case, *Gravitt v. Ga. Cas. Co.*, 158 Ga. 613, 618 (1) (123 SE 897) (1924):

> In a proceeding for workers' compensation benefits, neither the ALJ nor the Appellate Division acts as "a court of general jurisdiction, nor even of limited common-law jurisdiction, but [each] is an industrial commission made so by express terms of the act of the legislature to administer [the] provisions [of the Georgia Workers' Compensation Act, OCGA § 34-9-1 et seq.]." [Cit.]

While we have held in some cases that provisions of the Civil Practice Act may apply even in the absence of a statutory mandate

---

[12] Counsel did go on to argue, however, that his client's inability to precisely identify the date of the accident should not bar the claim, citing *Skinner Poultry Co.*, supra.

[13] *Atlantic Bitulithic Co. v. Maxwell*, 40 Ga. App. 483, 487 (150 SE 110) (1929) ("[w]e can not sustain this contention, for the simple reason that it was not raised in the appeal to the superior court").

when "common sense and equity require the relationship, [cit.]" *Wade v. Harris*, 210 Ga. App. 882, 884-885 (1) (437 SE2d 863) (1993), citing *Griggs v. All-Steel Bldgs.*, 201 Ga. App. 111 (410 SE2d 309) (1991), that principle is not applicable here. *Wade*, while acknowledging the principle in theory, in fact refused to apply the default provisions of OCGA § 9-11-55 to the enforcement of a workers' compensation award in the superior court. 210 Ga. App. at 885 (1). And *Griggs* applied OCGA § 9-11-60, governing a motion to set aside, to an award that had already been reduced to a superior court judgment. 201 Ga. App. at 113-114 (2). In other words, "[t]he introduction of the matter into the judicial system so that the award can be made a judgment and enforced as such may require that it be governed to some procedural extent by the Civil Practice Act." *Wade*, supra, 210 Ga. App. at 884. That is not the situation here, because McLendon has attempted to apply Civil Practice Act provisions to the inception of a claim before the Board.

DECIDED JULY 10, 2008.

*Fink, Cohen & Snyder, John A. Snyder*, for appellant.
*Edwin G. Russell, Jr.*, for appellees.
*Todd K. Maziar*, amicus curiae.