62169. AMERICAN MUTUAL LIABILITY INSURANCE COMPANY v. HICKS.

BANKE, Judge.

The sole issue presented in this appeal is whether funds due an employee from a workers' compensation claim are subject to garnishment based upon a judgment for child support. Code Ann. § 114-302 provides that "[N]o claim for compensation under this title shall be assignable, and all compensation and claims therefor shall be exempt from all claims of creditors." *Held:*

Although we have discovered no decisions of our courts considering the quoted statute, other exemptions from garnishment

have been addressed as they relate to claims for alimony and child support. We conclude as did the Georgia Supreme Court that such a claim "occupies a different position from an ordinary debt. . ." *Bates v. Bates,* 74 Ga. 105, 107 (1884). "All laws exempting any portion of one's earnings from the process of garnishment are primarily based upon the necessity of exempting in behalf of a debtor, even against his just debts, something with which to care for his family or dependents as well as himself. This is the only principle upon which a debtor should be permitted to withhold money within the power of the court from a creditor, the justness of whose claim is undisputed." *Caldwell v. Central of Ga. R. Co.,* 158 Ga. 392, 393 (123 SE 708) (1924). The principles expressed above have been recently approved by this court. Cf. *Hilltop Auto Salvage, Inc. v. Mason,* 132 Ga. App. 746 (209 SE2d 25) (1974).

We conclude, as did the trial court, that a garnishment to collect a judgment for child support is not precluded by Code Ann. § 114-302.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED JUNE 18, 1981—
REHEARING DENIED JULY 9, 1981—

*H. P. Arnall,* for appellant.
*Joseph E. Robling, C. Randall Roberts,* for appellee.
*James B. Hiers, Jr., Charles L. Drew, George L. Pope, Jr., Robert R. Potter, James T. McDonald, Jr.,* amicus curiae.