## 67545. DAVIS v. AETNA CASUALTY & SURETY COMPANY.

DEEN, Presiding Judge.

On August 1, 1979, the appellant, Robin Davis, injured her back and right leg while on the job at a Pic-N-Pay store. She filed a claim for workers' compensation on October 8, 1979, and benefits commenced thereafter. Subsequently, the appellant entered into a settlement agreement with the appellee insurer, and this agreement was approved by the State Board of Workers' Compensation on June 29, 1981.

The settlement agreement in part provides that "[t]he Employer/Insurer further agree that medical expenses which have already been incurred and which are incurred within three years of the signing of this Agreement will be paid. It is understood, however, that such medical expenses are limited to those treatments received as a result of the accident sustained on August 1, 1979." In December 1981, while in Anchorage, Alaska, the appellant underwent a surgical procedure to her right knee, and she submitted these medical expenses to the appellee insurer. The insurer, however, refused to pay those expenses, on the grounds that the expenses were unreasonable and/or unnecessary and that no justifiable emergency existed to allow treatment by an unauthorized physician.

On February 4, 1983, the appellant commenced this action, alleging, inter alia, breach of contract and tortious breach of contract, and seeking judicial enforcement of the settlement agreement pursuant to OCGA § 34-9-106 (Code Ann. § 114-711). The appellee insurer moved to dismiss the complaint, on the grounds that the Board retained jurisdiction to determine any liability for such medical expenses because the settlement agreement left that matter open and controlled by the pertinent provisions of the Workers' Compensation Act (Act). On May 20, 1983, the trial court dismissed the action for failure to state a claim upon which relief could be granted and because the appellant had not exhausted her administrative remedies, and this appeal followed. *Held:*

OCGA § 34-9-106 (Code Ann. § 114-711) provides in part that "[a]ny party in interest may file in the superior court of the county in which the injury occurred or, if the injury occurred without this state, in the county in which the original hearing was had, a certified copy of a settlement agreement approved by the board . . . whereupon the court shall render judgment in accordance therewith and notify the parties." Such a proceeding in the superior court to enforce an award or an approved settlement is not a separate suit but is merely a continuation of the Board's proceeding. *Simpson v. Travelers Ins. Co.,* 117 Ga. App. 43 (159 SE2d 294) (1967); *Durham Iron Co. v.*

*Durham,* 62 Ga. App. 361 (7 SE2d 804) (1940). This section requires neither notice to the employer/insurer nor a hearing in the proceeding to enforce a settlement agreement. *Carpenter v. New-comb Devilbiss Co.,* 111 Ga. App. 472 (142 SE2d 381) (1965). If a hearing is held, however, "[e]vidence of compensability under the Act is irrelevant, and the superior court has no authority to hear and decide any issue of fact respecting the right of the employee to receive compensation for a period prior to termination of the award or approved agreement." *Jenkins v. Reliance Ins. Co.,* 113 Ga. App. 70, 72 (147 SE2d 343) (1966).

In this case, the appellant sought judicial enforcement of the settlement agreement, and she asserted medical expenses of $1,948.62 incurred for a surgical procedure on her injured right knee. The appellee contended that this enforcement proceeding was premature because the appellant had not first obtained a de-termination of liability by the Board; the appellee emphasized as factual issues appropriate for Board resolution matters such as the necessity of the treatment and the question of authorized emergency treatment. Certainly a claimant and an employer/insurer could agree in a settlement that liability for future medical expenses would be determined by the regular policies and procedures of the Act, including the resort to administrative appeals to resolve a disput-ed claim, and in such a case, without first exhausting those administrative remedies, a claimant's attempt at judicial en-forcement of the award under OCGA § 34-9-106 (Code Ann. § 114-711) would be premature. The parties did not make such a general, expansive agreement in this case; the only conditions on compensability of medical expenses imposed by the settlement agreement consisted of the requirements that the expenses be incurred within the specified three-year period and that the treatment be for the work-related injury.

Nevertheless, we must agree with the appellee that in this case the appellant, in order to pursue a judicial enforcement of the settlement agreement, must first seek a Board determination of the insurer's liability for the medical expenses specifically alleged. The appellee insurer denied the appellant's claim that the medical expenses were for treatment of a work-related injury and were incurred within the required time period, and these were disput-ed facts that pertained to compensability, rather than mere mathematical calculations, and such factual disputes should be resolved by the Board. Cf. *Colbert v. Fireman's Fund Ins. Co.,* 112 Ga. App. 187 (144 SE2d 470) (1965); *Carpenter v. Newcomb Devilbiss Co.,* supra. Contrary to the appellee's assertions, however, the only matters that may be addressed by the Board concern whether the

expenses were incurred within the three year period and whether they related to the treatment of the compensable work-related injury.

Insofar as the appellant's complaint sought damages for a breach of contract, however, we conclude that the dismissal of the action was improper. The exclusivity of remedies provision contained in OCGA § 34-9-11 (Code Ann. § 114-103) does not make judicial enforcement of an award under OCGA § 34-9-106 (Code Ann. § 114-711) a claimant's only method of forcing a reneging employer or insurer to comply with the compensation award. OCGA § 34-9-11 (Code Ann. § 114-103), of course, provides for the surrender of an injured employee's common law causes of action against an employer in exchange for compensation without proof of negligence; it is designed to expedite compensation and medical treatment, and to protect the employer from double liability. *Wright Assoc. v. Rieder,* 247 Ga. 496 (277 SE2d 41) (1981); *Nowell v. Stone Mtn. Scenic R.,* 150 Ga. App. 325 (257 SE2d 344) (1979). An employee's civil action against an insurer seeking to recover for the latter's failure to honor a Board-approved settlement agreement arises out of that contractual obligation to pay and offends neither of the above purposes. Such a civil action thus is a permissible alternative to seeking judicial enforcement of the settlement agreement.

Moreover, while the expenses of litigation are generally not recoverable as part of the damages in an action for a breach of contract, the jury may award such if the plaintiff shows that "the defendant has acted in bad faith in making the contract, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense . . . " OCGA § 13-6-11 (Code Ann. § 20-1404); *Speir Ins. Agency v. Lee,* 158 Ga. App. 512 (281 SE2d 279) (1981); *Franchise Enterprises v. Ridgeway,* 157 Ga. App. 458 (278 SE2d 33) (1981). The showing of bad faith must relate to the conduct of entering the contract or to the transaction upon which the complaint is based, and the mere refusal to pay a contractual obligation does not amount to stubborn litigiousness or causing unnecessary trouble and expense, where there is a bona fide dispute over the obligation. *Ideal Pool Corp. v. Champion,* 157 Ga. App. 380 (277 SE2d 753) (1981); *Brooks v. Steele,* 139 Ga. App. 496 (229 SE2d 3) (1976). The appellant might have subsequently failed to carry her burden of proof in this matter, but her complaint did state a claim, if proven, for which relief could be granted.

It does not appear, however, that consequential damages for the appellant's alleged pain and suffering would be allowed under the ordinary breach of contract theory of recovery. Consequential damages for a breach of contract, in order to form a basis for recovery,

must be such as can be traced solely to the breach, must be capable of exact computation, must have arisen according to the usual course of things, and must have been within the contemplation of the parties as a probable result of such a breach. *Lankford v. Trust Co. Bank,* 141 Ga. App. 639 (234 SE2d 179) (1977); *Crawford & Assoc. v. Groves-Keen,* 127 Ga. App. 646 (194 SE2d 499) (1972). Damages for pain and suffering are not capable of exact computation and thus may not be recovered as consequential to a breach of contract.

Such damages for pain and suffering are appropriate and recoverable in a successful presentation of a theory of recovery in tort, and the appellant's complaint sufficiently raised that theory of tortious breach of contract. Misfeasance in the performance of a contractual duty may give rise to a tort action, if the plaintiff alleges an injury independent of the disappointment of the contract benefit and there is a breach of a duty, imposed by law, independent of the contractual breach. *Long v. Jim Letts Oldsmobile,* 135 Ga. App. 293 (217 SE2d 602) (1975). In workers' compensation cases, where timely medical treatment and its necessary follow-up may be crucial for optimum recovery of the injured, the law must impose a duty upon an employer or its insurer to honor its obligation to compensate and thus not further injure an employee by impeding the latter's recovery. The appellant's complaint invokes that duty and alleges a breach thereof, and for that additional reason it was improper to dismiss the complaint for failure to state a claim for which relief could be granted.

The appellant's complaint also asserts a claim for the tort of intentional infliction of emotional distress. Georgia law recognizes that tort, but before a recovery for such may be authorized, the defendant's actions must have been outrageous, " 'so terrifying or insulting as naturally to humiliate, embarrass or frighten the plaintiff.' *Ga. Power Co. v. Johnson,* 155 Ga. App. 862, 863 (274 SE2d 17) (1980)." *Thomas v. Ronald A. Edwards Constr. Co.,* 163 Ga. App. 202, 204 (293 SE2d 383) (1982). In this case, the defendant's act upon which the appellant based this claim was merely the refusal to pay the medical expenses in question. That act, as a matter of law, does not reach that level of outrageousness requisite to a cause of action for intentional infliction of emotional distress, and the appellant's complaint thus failed to state a claim on that basis.

While OCGA § 9-11-8 (e) (Code Ann. § 81A-108) allows such alternative statements of a claim, and provides that "[w]hen two or more statements are made in the alternative and one of them, if made independently, would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements," we do conclude that the claimant here may not completely travel all avenues (judicial enforcement, breach of

contract, and tort) to relief. Neither remedy is exclusive, but each excludes the other. At some point, the appellant must elect between which remedy she pursues.

*Judgment reversed. McMurray, C. J., concurs. Sognier, J., concurs in the judgment only.*

DECIDED FEBRUARY 1, 1984 —
REHEARING DENIED FEBRUARY 15, 1984 — 

*C. Lawrence Jewett, Jr.,* for appellant.
*Gregory T. Presmanes,* for appellee.