A93A1293. WADE et al. v. HARRIS.
(437 SE2d 863)

BEASLEY, Presiding Judge.

This litigation stems from a petition to enforce an award of the State Board of Workers' Compensation pursuant to OCGA § 34-9-106.

Fowler was killed in an automobile collision as he was returning home from a work assignment for his employer. Fowler's purported common-law wife, Wade, individually and on behalf of her three children by Fowler, claimed workers' compensation benefits.

A hearing before the ALJ was held on the issues of whether or not the employer was subject to the Workers' Compensation Act, whether or not Fowler's accident arose out of and in the course of his employment, and whether or not his purported common-law wife and children were total or partial dependents as defined by the Act. The ALJ determined the employer was George A. Harris, d/b/a George A. Harris Enterprises, Inc., was properly and sufficiently notified of the hearing, failed to appear, and was subject to the Act; the fatal inci-

dent arose out of and in the course of employment; the employee's weekly disability benefits were a certain amount; Wade was Fowler's common-law wife and was wholly financially dependent upon Fowler; Wade and Fowler were the natural parents of three children who were wholly dependent upon Fowler's earnings; Fowler was also the biological father of another boy who was wholly dependent upon Fowler; and the widow Wade and all four children were entitled to benefits from the time of Fowler's death. The ALJ entered the award against George A. Harris, d/b/a George A. Harris Enterprises, Inc. The employer did not pursue any administrative appeal or appeal to the superior court.

Approximately eight months after the award, on October 14, 1991, Wade individually and as guardian of her three children along with the other son's maternal grandmother, who was the boy's guardian, petitioned the superior court to enforce the award against George A. Harris, d/b/a George A. Harris Enterprises, Inc. On October 17, both "George A. Harris" and "George A. Harris, Inc." were served with the petition. No answer was filed. Plaintiffs moved for "default judgment" on December 6. A hearing was held on the motion on January 17, 1992, at which George A. Harris appeared pro se. He claimed that he never had notice of the underlying workers' compensation hearing and that he had been financially unable to secure legal counsel. The court urged Harris to obtain counsel and, over plaintiffs' objection, took the motion under advisement for 30 days.

Harris obtained counsel and on February 17, Harris, d/b/a George A. Harris Enterprises, Inc., moved to open the "default" and file an answer. One of the defenses was that Harris individually was not a proper party to the action. In an order entered on May 1, the court denied plaintiffs' "motion for default judgment" and granted defendant's "motion to open default," permitting defendant's answer to be deemed timely filed.

The court concluded that defendant Harris had satisfied the requirements of OCGA § 9-11-55 and had "made out a proper case for opening the default." It further concluded that a proper case had been made out because defendant had a reasonable excuse for not answering, plaintiffs had not shown any harm or prejudice by the three-month delay or that the opening of the default would delay the final trial, and that there was a non-amendable defect on the face of the record inasmuch as the award had erroneously been entered against Harris individually. In a footnote at the end of the order, the court advised the parties to consider whether plaintiffs were entitled to a judgment against the company but not against Harris individually, and if the parties could so agree, they could stipulate to that effect or could request the court to remand the case to the ALJ for such a modification of the notice of award. Interlocutory review of the

ruling by this court was denied.

On October 23, both George A. Harris Enterprises, Inc. and defendant Harris moved for summary judgment, claiming that at no time were they ever notified of plaintiffs' workers' compensation action. On December 16, the court entered summary judgment in favor of Harris individually on the petition to enforce the workers' compensation award and denied plaintiffs' petition for enforcement against Harris for the reasons outlined in its May 1 ruling, namely that the claim was filed and pursued only against the corporate defendant as evidenced by documents filed in the workers' compensation claim. In doing so, the court rejected plaintiffs' contention that the court was required to reduce the award to judgment without any inquiry or review.

The court also denied the motion of George A. Harris Enterprises, Inc. for summary judgment, finding that plaintiffs' claim was filed and pursued against only the corporation, entitling them to judgment against the corporation as a matter of law. It entered final judgment in favor of plaintiffs and against George A. Harris Enterprises, Inc. in accordance with the Workers' Compensation Act and consistent with the provisions of the award.

Plaintiffs challenge the grant of summary judgment to Harris individually on the ground that the court had no discretion but was required to enforce the award as written. This challenge to the "opening of default" is two-fold: one, the concept of default is not applicable in the instant proceeding; two, defendant did not provide reasonable grounds for being in default, so opening it constituted an abuse of the trial court's discretion.

1. Plaintiffs' contention that the concept of default is not applicable in this proceeding is correct. Although plaintiffs themselves injected it into the proceeding by filing a motion for a default judgment, the superior court was in error in traveling down that path.

The filing in superior court of a petition to enforce an award or a settlement agreement pursuant to OCGA § 34-9-106 is not a separate suit but rather a continuation of the Board's proceeding. See *Davis v. Aetna Cas. &c. Co.*, 169 Ga. App. 825 (314 SE2d 913) (1984). The introduction of the matter into the judicial system so that the award can be made a judgment and enforced as such may require that it be governed to some procedural extent by the Civil Practice Act. In some instances the interplay of the Civil Practice Act and the Workers' Compensation Act is mandated by statute. See, e.g., OCGA § 34-9-102 (d) (1), which provides that in the context of hearings before an ALJ, discovery procedures are to be governed by the Civil Practice Act. In others, common sense and equity require the relationship. See, e.g., *Griggs v. All-Steel Bldgs.*, 201 Ga. App. 111 (410 SE2d 309) (1991), which recognized that the superior court was the proper forum

for bringing an OCGA § 9-11-60 motion to set aside an OCGA § 34-9-106 judgment.

However, the concept of default under the Civil Practice Act as provided in OCGA § 9-11-55 is not applicable to OCGA § 34-9-106, for several reasons. Although OCGA § 34-9-106 does not preclude a response by the employer/insurer, it does not require or even contemplate one. Nor, in fact, does the statute provide for either notice to the employer/insurer or a hearing in the proceeding. See *Davis*, supra. Wade's attempted service on and notice to the employer was wholly gratuitous. Nevertheless, the inquiry is not whether the employer could or should be found in default, but rather whether the superior court had authority, in the first place, to question the award as it did.

In an OCGA § 34-9-106 proceeding, the superior court's role is very narrow. It is to render judgment on the award and notify the parties. Of course, it retains its inherent authority to refuse to enter judgment on an award or settlement that, on its face, is legally insufficient. See, e.g., *Colbert v. Fireman's Fund Ins. Co.*, 112 Ga. App. 187 (144 SE2d 470) (1965), which held it was not error for the superior court to refuse to enter judgment on an award pursuant to Ga. Code Ann. § 114-711 (now OCGA § 34-9-106) when the award on its face lacked a necessary finding or determination.

However, it lacks jurisdiction in a Section 106 proceeding to hear, dispute, or decide issues of fact which were determined in the administrative forum and which provide the basis for the award or settlement. See *Davis*, supra, in which it was reiterated that the superior court has no authority to hear and determine certain rights of the employee/claimant to receive compensation. The purpose of Section 106 is judicial enforcement of the award.

Thus, the superior court exceeded its authority in reaching behind the award sought to be enforced to make findings contrary to those made by the ALJ regarding the identity of the employer and the adequacy and validity of notice to it of the workers' compensation proceeding. The factual determination of who or what entity was liable for the payout of the workers' compensation benefits was for the ALJ to make, and she made it. A challenge to such finding is properly made before the State Board of Workers' Compensation and, if unsuccessful there, before the superior court as an appellate court pursuant to OCGA § 34-9-105 (b). That is the purpose of administrative review and appeal provided by Section 105.

The superior court erred in refusing to enter judgment on the award, as specified, against George A. Harris, d/b/a George A. Harris Enterprises, Inc. The judgment must be reversed and the case remanded for entry of a new judgment consistent with this opinion.

2. Plaintiffs' contention that the superior court abused its discretion in opening the default is rendered moot by the decision in Divi-

sion 1, supra.

3. Plaintiffs' claim that summary judgment in favor of Harris individually was error because the superior court had no authority other than to enforce the award as written has been answered by Division 1, supra.

*Judgments reversed and case remanded with direction. Cooper and Smith, JJ., concur.*

DECIDED NOVEMBER 15, 1993.

*Dorough & Sizemore, Kermit S. Dorough, Jr.,* for appellants.
*Gary V. Bowman & Associates, David J. Casey,* for appellee.