## A00A1820, A00A1821. PERFORMANCE MECHANICAL COMPANY et al. v. HEAT TRANSFER CONTROL, INC.; and vice versa.

(543 SE2d 808)

BARNES, Judge.

Heat Transfer Control, Inc. ("Heat") sued Performance Mechanical Company ("PMC") for $60,694.94 in unpaid invoices, interest, and attorney fees. PMC answered, admitted owing $53,548, but claimed a set-off of $49,770 in excess costs arising from a contract between PMC and Heat's alter ego. The trial court granted partial summary judgment to Heat for $53,870.73, and the remaining issues were tried by a jury. The jury awarded Heat $57,054.94 damages, which included the amount the trial court previously awarded, $18,828.13 in interest, and $12,647.18 for attorney fees and expenses. It also found that PMC was entitled to a set-off of $24,885. PMC appeals the attorney fee award, and Heat appeals the set-off. No trial transcript was included in the record, and neither party mentions the existence or absence of a trial transcript in its notice of appeal. We affirm the judgment entered by the trial court.

### Case No. A00A1820

PMC appeals the attorney fee award, arguing that Heat was not entitled to fees as a matter of law because the set-off award established that it had a bona fide dispute. Heat alleged in its complaint that PMC acted in bad faith, was stubbornly litigious, and caused unnecessary trouble and expense and was therefore liable for expenses of litigation including attorney fees under OCGA § 13-6-11.

When a plaintiff's claim is reduced by a set-off, a legitimate controversy exists that forecloses an attorney fee award based on two of the three grounds in OCGA § 13-6-11: stubborn litigiousness and unnecessary trouble and expense. *Pickett v. Chamblee Constr. Co.*, 124 Ga. App. 769, 774-775 (9) (186 SE2d 123) (1971). However, the third ground that could authorize a recovery of attorney fees as expenses of litigation, the fraud or bad faith of the defendant in the transaction out of which the cause of action arose, remains available despite the award of a set-off. Id. at 775.

> A bona fide controversy within the contemplation of the code section pertains solely to the issue of stubborn litigiousness or causing the plaintiff unnecessary trouble and expense. Despite the existence of a bona fide controversy as to liability, a jury may find that defendant acted in the most atrocious bad faith in his dealing with the plaintiff.

(Citations and punctuation omitted.) *Fidelity Nat. Bank v. Kneller*,

194 Ga. App. 55, 63 (3) (390 SE2d 55) (1989); see also *Latham v. Faulk*, 265 Ga. 107, 108 (2) (454 SE2d 136) (1995).

Heat argues in its brief that it proved that its attorney fee claim arose out of PMC's bad faith when it contracted with Heat for the work reflected by the seven contested invoices. We must affirm the attorney fee award if there is any evidence to support it, *Hendon v. Superior Roofing Co.*, 242 Ga. App. 307, 308 (1) (528 SE2d 548) (2000), and in the absence of a trial transcript, we must assume the evidence authorized the verdict. *Little v. Paco Collection Svcs.*, 156 Ga. App. 175, 176 (1) (274 SE2d 147) (1980).

Our opinion in *Pulte Home Corp. v. Woodland Nursery &c.*, 230 Ga. App. 455 (496 SE2d 546) (1998), in which we reversed an attorney fee award in similar circumstances, does not require a different result. There, we held that the record revealed insufficient evidence of the defendant's bad faith in entering into or performing the contract. Id. at 458 (4). Here, we have no record and therefore cannot conclude the evidence presented was insufficient.

Therefore we affirm that portion of the judgment awarding attorney fees to Heat.

*Case No. A00A1821*

Heat appeals the set-off, claiming that insufficient evidence supported a finding that it was the alter ego of the company that caused PMC to incur excess costs. However, as with PMC's enumeration of error, we must assume that PMC presented sufficient evidence to support the set-off award in the absence of a trial transcript. *Turner v. Watson*, 139 Ga. App. 648 (229 SE2d 126) (1976). We affirm that portion of the judgment awarding a set-off to PMC.

*Judgment affirmed. Blackburn, P. J., and Eldridge, J., concur.*

DECIDED DECEMBER 28, 2000.

*Womble, Carlyle, Sandridge & Rice, Everett W. Gee III, Carl L. Meyer, Adam S. Katz, Caroline B. Keller*, for appellants.
*Bynum & Lewis, Joe H. Bynum, Jr.*, for appellee.