A02A2001. WILLIS v. McCLAIN INDUSTRIES OF GEORGIA, INC. et al.
(581 SE2d 293)

RUFFIN, Presiding Judge.

Dorian Willis obtained a workers' compensation award against his employer, McClain Industries of Georgia, Inc., and its insurer. Pursuant to OCGA § 34-9-106, Willis petitioned the Bibb County Superior Court to enforce the award. The superior court denied the petition, and this appeal ensued. For reasons that follow, we affirm.

The relevant facts show that on May 8, 2001, an administrative law judge with the State Board of Workers' Compensation awarded Willis $6,246 in income benefits.[1] Evidently, when the award was entered, the Child Support Enforcement Unit had a valid lien on the award.[2] According to McClain Industries and its insurer, they "had no choice but to pay the [award] to the Child Support Enforcement Unit." Thereafter, Willis petitioned the superior court to enforce the award of the State Board. The superior court declined, finding that McClain Industries and its insurer "have already made timely payment of the . . . Award . . . subject to a valid, enforceable lien held by the Child Support Enforcement Unit."

1. Willis argues that the superior court "erred by holding an evidentiary hearing, questioning witnesses and acting as a 'fact-finding' body in excess of the authority and jurisdiction granted to it pursuant to the Workers' Compensation Act." We disagree.

OCGA § 34-9-106 provides a mechanism for an interested party, who has been awarded benefits, to enforce the award in the superior court in the county in which the injury occurred. The filing of such petition "is not a separate suit but rather a continuation of the

---

[1] Although the superior court conducted a hearing, the transcript of this hearing is not included in the record on appeal. We note that Willis did not request that the transcript be forwarded as required by OCGA § 5-6-37.

[2] See OCGA § 19-11-18.

Board's proceeding."[3] And a superior court "lacks jurisdiction in a Section 106 proceeding to hear, dispute, or decide issues of fact which were determined in the administrative forum and which provide the basis for the award or settlement."[4]

Willis argues that this rule prohibits a superior court from considering *any* evidence before determining whether to enforce the award. Although a trial court cannot address issues of compensability,[5] employers and insurers are permitted to defend against a claim under OCGA § 34-9-106.[6] One such defense is that the amount owed has already been paid.[7] And an employer or insurer may satisfy their obligation to pay an award through satisfying a valid child support obligation.[8] In order to ascertain whether the defense asserted by McClain Industries and its insurer had merit, the superior court needed to consider evidence.[9] Accordingly, the superior court was not barred from holding an evidentiary hearing to determine whether the award had already been paid.

2. Willis also contends that the superior court "erred by finding that there was a valid Child Support lien and by failing to ascertain the correct amount of said lien." Given the absence of a transcript, however, this Court assumes that the evidence presented supports the superior court's ruling.[10]

*Judgment affirmed. Barnes and Adams, JJ., concur.*

DECIDED MARCH 12, 2003.

*Buzzell, Graham & Welsh, Neal B. Graham*, for appellant.
*Kissiah & Lay, Richard C. Kissiah, Charles E. DuBose, Jr.*, for appellees.

---

[3] *Wade v. Harris*, 210 Ga. App. 882, 884 (1) (437 SE2d 863) (1993).
[4] Id. at 885.
[5] See id.; *Aetna Cas. &c. Co. v. Davis*, 253 Ga. 376, 377 (1) (320 SE2d 368) (1984).
[6] See *Jenkins v. Reliance Ins. Co.*, 113 Ga. App. 70, 72 (147 SE2d 343) (1966).
[7] See id.
[8] See *American Mut. Liability Ins. Co. v. Hicks*, 159 Ga. App. 214, 215 (283 SE2d 18) (1981).
[9] See id.
[10] See *Performance Mechanical Co. v. Heat Transfer Control*, 247 Ga. App. 436, 437 (543 SE2d 808) (2000).