## A04A1813. CITY OF RINCON v. COUCH.
### (612 SE2d 596)

BARNES, Judge.

The City of Rincon (City) appeals the superior court's order, entered pursuant to OCGA § 12-5-189[1] to enforce a consent order the City entered into with Carol A. Couch, the Director of the Environmental Protection Division ("EPD") of the Department of Natural Resources of the State of Georgia. Although the City brought this case to this court through an application to appeal under OCGA § 5-6-35 (a) (1) ("decisions of the superior courts reviewing decisions of . . . state and local administrative agencies"), this court determined that the appeal did not fall within OCGA § 5-6-35 (a) (1) because it was not from a superior court's review of an agency decision. Instead, this

---

[1] The director may file in the superior court of the county wherein the person under order resides, or if the person is a corporation, in the county wherein the corporation maintains its principal place of business, or in the county wherein the violation occurred or in which jurisdiction is appropriate, a certified copy of a final order of the director unappealed from or a final order of the director affirmed upon appeal, whereupon the court shall render judgment in accordance therewith and notify the parties. Such judgment shall have the same effect, and all proceedings in relation thereto shall thereafter be the same, as though the judgment had been rendered in an action duly heard and determined by such court.

appeal arises from proceedings under OCGA § 12-5-189, which directs entry of a judgment on a "final order of the director unappealed from or a final order of the director affirmed upon appeal."

We have found no cases interpreting this Code section, but the directory language of this statute is the same as that of OCGA § 34-9-106.[2] Thus, it appears that, under either statute, the final order of the agency has either already survived the administrative appeals process, including affirmation in superior court, or has gone unappealed. The purpose of both statutes is to create a right to judicial enforcement of an agency's final order, not to authorize review of the agency's decision. *Ayers v. Rembert*, 241 Ga. App. 698, 699 (527 SE2d 290) (1999); *Wade v. Harris*, 210 Ga. App. 882, 884 (1) (437 SE2d 863) (1993). As such, an order entered pursuant to OCGA § 12-5-189 is not subject to discretionary review under OCGA § 5-6-35 (a) (1), but is subject to direct appeal under OCGA § 5-6-34 (a) (1) as an appealable final judgment. Given these circumstances, we were required to grant the City's application by OCGA § 5-6-35 (j).

Further, because the City did not appeal the EPD's decision, and actually waived appellate review in the consent order, we limited the issue on appeal to the propriety of the entry of judgment pursuant to OCGA § 12-5-189 and *not* the correctness of the EPD's decision, which was subject to a timely appeal pursuant to OCGA §§ 12-2-2 (c) and 50-13-19, and for which no appeal was taken. OCGA § 12-5-185 (c); *Wade v. Harris*, supra, 210 Ga. App. at 884.

After the appeal was docketed in this court, Effingham County moved for and was granted permission to intervene in the appeal, over the City's objection. A similar motion by Riverkeepers of Georgia was denied, and later Altamaha Riverkeeper, Canoochee Riverkeeper, and Savannah Riverkeeper filed a Brief of Amicus Curiae.

1. The intervenor's motion to dismiss the appeal is denied. OCGA § 5-6-30. It is clear that the City only moved to withdraw the duplicate appeal in this matter, Appeal No. A04A2021, and did not seek to withdraw this appeal. The City's motion for sanctions against the intervenor for filing the motion to dismiss is also denied.

---

[2] Any party in interest may file in the superior court of the county in which the injury occurred or, if the injury occurred outside this state, in the county in which the original hearing was had, a certified copy of a settlement agreement approved by the board or of a final order or decision of the members unappealed from or of an award of the members affirmed upon appeal, whereupon the court shall render judgment in accordance therewith and notify the parties. Such judgment shall have the same effect and all proceedings in relation thereto shall thereafter be the same as though the judgment had been rendered in an action duly heard and determined by such court. . . .

2. Although this court's order granting this appeal limited the appeal to review of the correctness of a judgment entered pursuant to OCGA § 12-5-189, the City's first eight enumerations of error challenge the consent decree between the City and the EPD: The City alleges that the consent order violated its home rule powers, violated its authority to operate its water system, was ultra vires, was executed under duress, was unreasonable, violated a local government service delivery agreement, is not a valid intergovernmental contract, and exceeded the authority of the EPD. These enumerations, however, are not properly before us because the City could have challenged the EPD's decision under OCGA §§ 12-2-2 (c) and 50-13-19, but did not. OCGA § 12-5-186. Therefore, the EPD's decision became final, OCGA § 12-5-185; *Wade v. Harris*, supra, 210 Ga. App. at 884 (1), and the City is not entitled to collaterally attack the EPD's decision in these proceedings.

Proceedings under OCGA § 12-5-189 are analogous to proceedings under OCGA § 34-9-106. Thus,

> [t]he filing in superior court of a petition to enforce an award or a settlement agreement pursuant to [OCGA § 12-5-189] is not a separate suit but rather a continuation of the [administrative] proceeding. The introduction of the matter into the judicial system so that the award can be made a judgment and enforced as such may require that it be governed to some procedural extent by the Civil Practice Act. . . . In an OCGA § [12-5-189] proceeding, the superior court's role is very narrow. It is to render judgment on the award and notify the parties. Of course, it retains its inherent authority to refuse to enter judgment on an award or settlement that, on its face, is legally insufficient. However, it lacks jurisdiction in [an OCGA § 12-5-189] proceeding to hear, dispute, or decide issues of fact which were determined in the administrative forum and which provide the basis for the award or settlement. The purpose of [OCGA § 12-5-189] is judicial enforcement of the award.

(Citation and punctuation omitted.) *Wade v. Harris*, supra, 210 Ga. App. at 884.

3. The City's sole enumeration of error directed to the proceedings under OCGA § 12-5-189 is that the superior court erred by denying the City's motion to set aside the consent order without first permitting the City to submit evidence in support of its contention. This enumeration is also without merit because the superior court has no such authority. *Wade v. Harris*, supra, 210 Ga. App. at 884. Although the court could have considered a motion to set aside the

consent agreement under OCGA § 9-11-60 (d), the grounds the City sought to assert, modification of the award by EPD's course of conduct, is not a ground authorized for setting aside a consent decree under OCGA § 9-11-60 (d). See *Griggs v. All-Steel Bldgs.*, 201 Ga. App. 111, 113 (2) (410 SE2d 309) (1991). The consent decree was valid on its face and was final in that no appeal was taken; the trial court did not err by entering judgment on the consent decree.

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED MARCH 23, 2005 — ▮▮▮▮▮▮▮▮▮

*Epstein, Becker & Green, Barbara H. Gallo, Daniel H. Sherman IV, Kerry A. Nelson, John R. Dickey*, for appellant.

*Thurbert E. Baker, Attorney General, Per B. Normark, John E. Hennelly, Marc Goncher, Assistant Attorneys General*, for appellee.