# Court of Appeals
# of the State of Georgia

ATLANTA,   October 19, 2012

*The Court of Appeals hereby passes the following order:*

## A13D0070.  LAKEVIEW BEHAVIORAL HEALTH SYSTEM, LLC v. UHS PEACHFORD, LP et al.

Lakeview Behavioral Health System, LLC was the prevailing party in an appeal to the superior court from an administrative grant of a Certificate of Need. Following the entry of judgment in its favor, Lakeview sought an award of attorney fees under OCGA § 31-6-44.1 (c).  The superior court denied the request, prompting Lakeview to file this application for discretionary appeal.

Under OCGA § 5-6-35 (a) (1), a discretionary application is required to appeal "decisions of the superior courts reviewing decisions of . . . state and local administrative agencies," but this provision applies only where the superior court order to be appealed actually reviews an agency decision.  See *City of Rincon v. Couch*, 272 Ga. App. 411, 411-412 (612 SE2d 596) (2005).  Although the underlying litigation arose out of an administrative appeal, the order at issue did not review the agency's decision; rather, it decided a post-judgment attorney fee request that was made for the first time – and could only have been made – in the superior court. Thus, OCGA § 5-6-35 (a) (1) does not apply here.

Under OCGA § 5-6-35 (a) (10), a discretionary application is required to appeal trial court rulings on requests for attorney fees under OCGA § 9-15-14.  This provision applies only to fee awards granted or denied under OCGA § 9-15-14; it does not apply to fee awards granted or denied under other statutes, such as OCGA § 31-6-44.1 (c).  See *Kraft v. Dalton*, 249 Ga. App. 754, 755 n. 2 (549 SE2d 543) (2001) (no discretionary application required to appeal fee award made under OCGA § 13-6-11).

Because no provision of OCGA § 5-6-35 (a) applies here, this application is hereby GRANTED as required under OCGA § 5-6-35 (j). Lakeview shall have ten days from the date of this order to file a notice of appeal with the superior court, if it has not already done so. See OCGA § 5-6-35 (g). The clerk of the superior court is directed to include a copy of this order in the record transmitted to the Court of Appeals.



*Court of Appeals of the State of Georgia*
       *Clerk's Office, Atlanta,* <u>10/19/2012</u>
       *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
       *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

, *Clerk.*