# Court of Appeals
# of the State of Georgia

ATLANTA,_June 13, 2017_____

*The Court of Appeals hereby passes the following order:*

**A17D0463.  TANNER MEDICAL CENTER INC. d/b/a TANNER MEDICAL CENTER - VILLA RICA et al. v. VEST NEWMAN, LLC d/b/a NEWMAN BEHAVIORAL HOSPITAL et al.**

In *Tanner Medical Center, Inc. v. Vest Newman, LLC*, 337 Ga. App. 884 (789 SE2d 258) (2016), we reversed the trial court decision ordering the Georgia Department of Community of Health ("DCH") to grant Vest Newman, LLC a Certificate of Need.   After the remittitur, DCH and other parties moved for attorney's fees under OCGA § 33-6-44.1 (c).  The superior court denied the request, prompting the filing of this application for discretionary review.

Under OCGA § 5-6-35 (a) (1), a discretionary application is required to appeal "decisions of the superior courts reviewing decisions of . . . state and local administrative agencies," but this provision applies only where the superior court order to be appealed actually reviews an agency decision. See *City of Rincon v. Couch*, 272 Ga. App. 411, 411-412 (612 SE2d 596) (2005). Although the underlying litigation arose out of an administrative appeal, the order at issue in this appeal did not review the agency's decision; rather, it decided a post-judgment attorney fee request that was made for the first time – and could only have been made – in the superior court. Thus, OCGA § 5-6-35 (a) (1) does not apply here.   OCGA § 5-6-35 (a) (10) requires the filing of a discretionary application to appeal trial court rulings on requests for attorney fees under OCGA § 9-15-14.   However, this provision applies only to fee awards granted or denied under OCGA § 9-15-14; it does not apply to fee awards granted or denied under other statutes, such as OCGA § 31-6-44.1 (c). See *Kraft v. Dalton*, 249 Ga. App. 754, 755 n. 2 (549 SE2d 543) (2001) (no discretionary application required

to appeal fee award made under OCGA § 13-6-11).

Because no provision of OCGA § 5-6-35 (a) applies here, this application is hereby GRANTED as required under OCGA § 5-6-35 (j). The applicants shall have ten days from the date of this order to file a notice of appeal with the superior court, if they have not already done so. See OCGA § 5-6-35 (g). It appears, however, that the applicants have already filed a notice of appeal from the same trial court order contested in this application although it is unclear from the record whether that notice of appeal was filed in a timely manner. If the notice of appeal was timely, it is unnecessary for the applicants to file a second notice of appeal. If it was not, the applicants have ten days from the date of this order to file their notice of appeal. The clerk of the superior court is directed to include a copy of this order in the record transmitted to the Court of Appeals.



*Court of Appeals of the State of Georgia*

*C l e r k ' s    O f f i c e ,*
*Atlanta,* __06/13/2017__

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*