# Court of Appeals
# of the State of Georgia

ATLANTA,  November 21, 2017

*The Court of Appeals hereby passes the following order:*

**A18D0162. WELLSTAR NORTH FULTON HOSPITAL, INC. f/k/a NORTH FULTON MEDICAL CENTER, INC. et al. v. HEALTHSOUTH REHABILITATION HOSPITAL OF FORSYTH COUNTY, LLC.**

This Court granted an application for discretionary appeal filed by Wellstar North Fulton Hospital, Inc., Gwinnett Hospital System, Inc., and Northeast Georgia Medical Center, Inc. (collectively, "the Applicants") seeking review of a superior court order in this certificate of need case. See Case No. A17D0315 (decided March 16, 2017).[1] The Applicants then filed a timely notice of appeal in the superior court. See OCGA § 5-6-35 (g). The superior court subsequently dismissed the appeal, citing the Applicants' unreasonable delay in causing a hearing transcript to be filed. See OCGA § 5-6-48 (c). The Applicants now seek discretionary review of the order dismissing their appeal.

Under OCGA § 5-6-35 (a) (1), a discretionary application is required to appeal "decisions of the superior courts reviewing decisions of . . . state and local administrative agencies," but this provision applies only when the superior court order to be appealed actually reviews an agency decision. See *City of Rincon v. Couch*, 272 Ga. App. 411, 411-412 (612 SE2d 596) (2005). Although the underlying litigation arose out of an administrative appeal, the order at issue in this application did not review the agency's decision; rather, it resolved an issue – delay in

---

[1] The Georgia Department of Community Health ("the Department") separately applied for discretionary review of the same superior court order, and we also granted its application. See Case No. A17D0313 (decided March 16, 2017). The Department is not involved in the instant application, however.

transmitting a transcript – that could only have arisen for the first time in the superior court.  Thus, OCGA § 5-6-35 (a) (1) does not apply here.

"[A] trial court's order dismissing a properly filed direct appeal is itself subject to a direct appeal." *American Medical Security Group v. Parker*, 284 Ga. 102, 103 (2) (663 SE2d 697) (2008).  Ordinarily, we will grant a timely application for discretionary appeal when the lower court's order is subject to direct appeal.  See OCGA § 5-6-35 (j).  The Applicants, however, have already filed a notice of appeal from the superior court's order dismissing their appeal.[2]  Accordingly, this application is superfluous, and it is therefore DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,   11/21/2017          *
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

[2] The Applicants attached a file-stamped copy of their notice of appeal as an exhibit to this application.