# Court of Appeals
# of the State of Georgia

ATLANTA,  July 14, 2021

*The Court of Appeals hereby passes the following order:*

**A21D0393. CLINT LARKIN v. MADISON COUNTY SCHOOL DISTRICT.**

In 2016, plaintiff All Steel Construction, Inc. sued defendants Clint Larkin and the Madison County School District for breach of contract. In its answer, the School District asserted a cross-claim for indemnification against Larkin. In exchange for a payment of $97,470, All Steel subsequently executed a release of its claims against the School District and assigned to the School District its claims against Larkin. All Steel thereafter filed a pleading purporting to voluntarily dismiss the School District from the action.

Larkin did not answer the complaint, and, in 2017, the trial court entered a default judgment against him. The 2017 order entering a default judgment addressed Larkin's liability only and did not award damages or otherwise enter a final judgment against him. See generally *Cryomedics, Inc. v. Smith*, 180 Ga. App. 336, 337-338 (349 SE2d 223) (1986) (a default judgment as to liability only is not a final judgment). Consequently, in 2019, the School District sought and obtained a hearing on damages. Following the hearing, the trial court entered an order on June 21, 2019, finding that the parties had agreed that: (i) Larkin was liable for $110,000 in damages to the School District; (ii) he would pay that amount in two installments no later than October 1, 2019; and (iii) "[u]pon that payment, the School District will notify the Court[,] and this matter, including the School District's Cross Claim against Mr. Larkin, will be dismissed."

In January 2021, Larkin filed a motion to set aside the June 2019 order and enjoin the School District from attempting to execute and collect payments pursuant to that order. Three days later, the School District filed a civil case disposition form purporting to show that the case had been disposed of by a bench trial on June 21, 2019. In May 2021, the trial court denied Larkin's January 2021 motion, and he timely filed the instant application for discretionary appeal.

Based on the application materials, it appears that this case remains pending before the trial court. According to the plain terms of the court's June 2019 order, the case was to remain pending until Larkin satisfied his payment obligations, at which point the claims against him were to be dismissed. And the trial court's subsequent denial of Larkin's January 2021 motion did nothing to change the status of the case, notwithstanding the court's assertions that its prior June 2019 order was "final" and/or somehow "relates back to" its 2017 order granting a default judgment as to liability only.

Generally, to appeal an interlocutory order, a party must comply with the interlocutory appeal requirements, which include obtaining a certificate of immediate review from the trial court. See OCGA § 5-6-34 (b). Here, however, in its May 2021 order denying Larkin's motion to set aside, the trial court also denied Larkin's motion for interlocutory injunctive relief. And an order denying a motion for an interlocutory injunction is directly appealable under OCGA § 5-6-34 (a) (4). See *Jones v. Peach Trader*, 302 Ga. 504, 511 (III) (807 SE2d 840) (2017).

Under OCGA § 5-6-35 (j), this Court will grant a timely application for discretionary review if the lower court's order is subject to direct appeal. See *City of Rincon v. Couch*, 272 Ga. App. 411, 412 (612 SE2d 596) (2005). Accordingly, this application is hereby GRANTED. Larkin shall have ten days from the date of this order to file a notice of appeal in the trial court. See OCGA § 5-6-35 (g). If Larkin already has filed a notice of appeal in the trial court, then he need not file a second

notice. The clerk of the trial court is DIRECTED to include a copy of this order in the record transmitted to the Court of Appeals.



*Court of Appeals of the State of Georgia*
      *Clerk's Office, Atlanta,    07/14/2021          *
      *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
      *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*