# Court of Appeals
# of the State of Georgia

ATLANTA, _July 11, 2025_

*The Court of Appeals hereby passes the following order:*

## A25D0460. TARA-LEWANNA ABDULLAH v. PENNYMAC LOAN SERVICES, LLC.

In July 2024, plaintiff Tara-Lewanna Abdullah filed a civil action against defendant Pennymac Loan Services, LLC, in Fulton County Superior Court case no. 24CV008764. In August 2024, Pennymac removed that case to federal district court, where it was dismissed in January 2025.

Later in January 2025, Abdullah filed, in the superior court, a motion to reopen case no. 24CV008764. That filing was docketed as a new action under case no. 25CV000209. The following month, Abdullah filed, in case no. 25CV000209, an "Emergency Motion for Injunctive Relief," in which she asked the superior court to "restrain [Pennymac] from further pursuit of action as it relates to this subject matter." (Punctuation omitted.) On June 5, 2025, the superior court: (i) denied both motions on the ground that it lost jurisdiction over this matter when case no. 24CV008764 was removed to federal court; and (ii) directed the superior court clerk to close the file.

On June 23, 2025, Abdullah filed this timely pro se application for discretionary appeal, seeking review of the superior court's June 5 order. See OCGA § 5-6-35 (d). No discretionary application is required, however, as a final judgment is directly appealable under OCGA § 5-6-34 (a) (1) — as is an order denying an interlocutory or final injunction under OCGA § 5-6-34 (a) (4) — and this action does not appear to fall

within one of the categories of cases for which a discretionary application is required to seek appellate review under OCGA § 5-6-35 (a).

Under OCGA § 5-6-35 (j), this Court will grant a timely application for discretionary review if the lower court's order is subject to direct appeal. See *City of Rincon v. Couch*, 272 Ga. App. 411, 412 (612 SE2d 596) (2005). Accordingly, this application is hereby GRANTED. Abdullah shall have ten days from the date of this order to file a notice of appeal in the superior court. See OCGA § 5-6-35 (g). If Abdullah has already filed a notice of appeal in the superior court, then she need not file a second notice. The clerk of the superior court is DIRECTED to include a copy of this order in the record transmitted to the Court of Appeals.

With her application materials, Abdullah also seeks: (i) a writ of certiorari; (ii) a writ of mandamus; and (iii) prohibitory injunctive relief "restrain[ing] Defendant from further action of proceeding in evicting" her. Abdullah's request for a writ of certiorari is DENIED, as certiorari is not a recognized procedure for seeking appellate review in this Court. See generally Ga. Const. of 1983, Art. VI, Sec. VI, Par. V ("The Supreme Court may review by certiorari cases in the Court of Appeals which are of gravity or great public importance."); OCGA § 5-6-15 ("The writ of certiorari shall lie from the Supreme Court to the Court of Appeals as provided by Article VI, Section VI, Paragraph V of the Constitution of this state."). Abdullah's request for a writ of mandamus also is DENIED, as the application materials contain no indication that she has sought such relief in the superior court in the first instance. See *Expedia, Inc. v. City of Columbus*, 305 Ga. App. 450, 455 (2) (b) (699 SE2d 600) (2010) ("Except in the rarest of cases, litigants seeking to invoke this Court's [jurisdiction to grant mandamus relief] must first petition the superior court for such relief."), disapproved in part on other grounds, *Arnold v. Alexander*, 321 Ga. 330, 336 (1) & n. 7 (914 SE2d 311) (2025). Abdullah's request for injunctive relief similarly is DENIED, as she has neither elaborated any arguments nor cited any legal authority in support of her conclusory request in that regard, pretermitting whether this Court would be authorized to grant such relief under the circumstances here. See, e.g., *City of Duluth*

*v. Riverbrooke Properties*, 233 Ga. App. 46, 55 (4) (502 SE2d 806) (1998) (injunctions should be granted only if there is no adequate remedy at law, the plaintiff would otherwise suffer irreparable harm, and, in balancing the harm to each party, a court finds that equity demands the grant of an injunction).

Abdullah's "Motion to Show Cause," also included with her application materials, likewise is DENIED, as she does not specify any relief sought in that request. Finally, Abdullah's motion to strike Pennymac's response to her application and its filings in support thereof is DENIED as MOOT.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__07/11/2025_____*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*