# Court of Appeals
# of the State of Georgia

ATLANTA, July 22, 2025

*The Court of Appeals hereby passes the following order:*

## A25D0489. CHRISTOPHER RICE v. THE STATE.

In 1982, Christopher Rice pled guilty to armed robbery. He was later convicted of forgery and other offenses in 1992, and armed robbery and other offenses in 1994. He did not appear to appeal any of his convictions. In 2025, Rice filed a motion for an out-of-time appeal. While his initial motion was unclear for which conviction he sought an out-of-time appeal, his later filings indicate that he sought to appeal his 1982 conviction, which was used to enhance his later sentences in 1992 and 1994. The trial court dismissed the motion for an out-of-time appeal on June 5, 2025, and Rice filed this timely application for discretionary review from that order.

The Supreme Court of Georgia's ruling in *Cook v. State*, 313 Ga. 471 (870 SE2d 758) (2022), temporarily eliminated the procedure for obtaining out-of-time appellate review. The General Assembly, however, revived the procedure by statute, effective May 14, 2025. See OCGA § 5-6-39.1; Ga. L. 2025, p. 651, § 1-3 (H.B. 176). Notably, neither OCGA § 5-6-39.1 nor the discretionary appeals statute, OCGA § 5-6-35, requires a defendant to file an application for discretionary review to obtain appellate review of the dismissal of a motion for out-of-time appeal. While OCGA § 5-6-39.1 places certain restrictions on the availability of out-of-time review, the statute does not premise the availability of appellate review on any of those restrictions. Additionally, prior to *Cook*, the Supreme Court of Georgia held that "[t]he denial of a motion for out-of-time appeal is directly appealable when the criminal conviction at issue has not undergone appellate review." *Richards v. State*, 275 Ga. 190, 191 (563 SE2d 856) (2002).

Under OCGA § 5-6-35 (j), we will grant a timely application for discretionary review if the lower court's order is subject to direct appeal. See *City of Rincon v. Couch*, 272 Ga. App. 411, 412 (612 SE2d 596) (2005). Based on the limited application materials, there is no indication that Rice filed a direct appeal from his 1982 conviction. Accordingly, this application is hereby GRANTED. Rice shall have ten days from the date of this order to file a notice of appeal in the trial court. OCGA § 5-6-35 (g). If Rice has already filed a notice of appeal in the trial court, then he need not file a second notice. The trial court clerk is DIRECTED to include a copy of this order in the record transmitted to the Court of Appeals.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,*   07/22/2025

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*